IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | | |
|---|---|---|
| Jane Doe & John Doe, individually and on behalf of the minor, June Doe, | ) ) ) | |
| Plaintiff, | ) ) | **AMENDED ANSWER OF DEFENDANT, TRAILS CAROLINA, LLC** |
| vs. | ) ) | C.A. No.: 8:10-2365-JMC |
| New Leaf Academy of North Carolina, LLC; and Trails Carolina, LLC, | ) ) ) | (JURY TRIAL DEMANDED) |
| Defendants. | ) | |

The defendant, Trails Carolina, LLC, answering the complaint, would respectfully allege and show unto the Court as follows:

**FOR A FIRST DEFENSE AS TO ALL CAUSES OF ACTION**

1. The defendant, Trails Carolina, LLC, lacks sufficient information to form a belief as to the truth of the allegations of paragraph 1 of the complaint and therefore denies same and demands strict proof thereof.

2. It lacks sufficient information to form a belief as to the truth of the allegations of paragraph 2 of the complaint and therefore denies same and demands strict proof thereof.

3. Trails Carolina admits the allegations of paragraph 3 of the complaint.

4. It admits that the individual identified as John Doe was a sixteen year old male who was a student at Trails Carolina at the time of the alleged incident which is the subject of this litigation. All remaining allegations contained in paragraph 4 of the complaint are denied and strict proof is denied thereof.

5. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 5 of the complaint and therefore denies same and demands strict proof thereof.

6. The defendant admits the allegations of paragraph 6 of the complaint.

7. It alleges that the allegations of paragraph 7 of the complaint state a legal conclusion, thus, no answer is required.

8. Trails Carolina alleges that the allegations of paragraph 8 of the complaint state a legal conclusion, thus, no answer is required.

9. Trails Carolina alleges that the allegations of paragraph 9 of the complaint state a legal conclusion, thus, no answer is required.

10. It admits that the alleged incident allegedly occurred in Pickens County, South Carolina. All remaining allegations contained in paragraph 10 of the complaint are denied and it demands strict proof thereof.

11. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 11 of the complaint and therefore denies same and demands strict proof thereof.

12. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 12 of the complaint and therefore denies same and demands strict proof thereof.

13. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 13 of the complaint and therefore denies same and demands strict proof thereof.

14.     It lacks sufficient information to form a belief as to the truth of the allegations of paragraph 14 of the complaint and therefore denies same and demands strict proof thereof.

15.     Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 15 of the complaint and therefore denies same and demands strict proof thereof.

16.     It lacks sufficient information to form a belief as to the truth of the allegations of paragraph 16 of the complaint and therefore denies same and demands strict proof thereof.

17.     Trails Carolina denies the allegations of paragraph 17 of the complaint.

18.     Trails Carolina denies the allegations of paragraph 18 of the complaint.

19.     Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 19 of the complaint and therefore denies same and demands strict proof thereof.

20.     It lacks sufficient information to form a belief as to the truth of the allegations of paragraph 20 of the complaint and therefore denies same and demands strict proof thereof.

21.     Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 21 of the complaint and therefore denies same and demands strict proof thereof.

22.     It denies the allegations of paragraph 22 of the complaint.

23.     Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 23 of the complaint and therefore denies same and demands strict proof thereof.

24.     It admits the allegations of paragraph 24 of the complaint to the extent that they allege Grady Manis and Roxy called Trails Carolina employees Graham Shannonhouse, Carlyn

Daubs, and Scott Huffman on June 6, 2009 at approximately 7:30 a.m. to report an alleged rape incident. Any remaining allegations of paragraph 24 of the complaint are denied and it demands strict proof thereof.

25. Trails Carolina admits that Jane and John Doe were informed of the alleged rape on June 6, 2009 at approximately 5:30 p.m. All remaining allegations contained in paragraph 25 of the complaint are denied and it demands strict proof thereof.

26. It lacks sufficient information to form a belief as to the truth of the allegations of paragraph 20 of the complaint and therefore denies same and demands strict proof thereof.

27. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 27 of the complaint and therefore denies same and demands strict proof thereof.

28. It denies the allegations of paragraph 28 of the complaint.

29. Trails Carolina alleges that the allegations of paragraph 29 of the complaint state legal conclusions, thus, no answer is required. To the extent it is somehow alleged that it breached any duty, those allegations are denied and it demands strict proof thereof.

30. It denies the allegations of paragraph 30 of the complaint.

31. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 31 of the complaint and therefore denies same and demands strict proof thereof.

32. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 32 of the complaint and therefore denies same and demands strict proof thereof.

33. It denies the allegations of paragraph 33 of the complaint.

34.     In response to the allegations of paragraph 34 of the complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 through 33 above.

35.     It admits the allegations of paragraph 35 of the complaint.

36.     Trails Carolina admits so much of paragraph 36 of the complaint as allege that it marketed its experience and knowledge in working with emotionally disturbed adolescents and children.  Trails Carolina lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 36 of the complaint and therefore denies same and demands strict proof thereof.

37.     Trails Carolina alleges that the allegations of paragraph 37 of the complaint state legal conclusions, thus, no answer is required.  To the extent it is somehow alleged that it breached any duty, those allegations are denied and strict proof is demanded thereof.

38.     Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 38 of the complaint and therefore denies same and demands strict proof thereof.

39.     Trails Carolina denies the allegations of paragraph 39 of the complaint.

40.     It denies the allegations of paragraph 40 of the complaint.

41.     It denies the allegations of paragraph 41 of the complaint.

42.     It denies the allegations of paragraph 42 of the complaint.

43.     It denies the allegations of paragraph 43 of the complaint.

44.     It denies the allegations of paragraph 44 of the complaint.

45.     In response to the allegations of paragraph 45 of the complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 through 44 above.

46.     It admits so much of paragraph 46 of the complaint as allege that marketed its experience and knowledge in working with emotionally disturbed adolescents and children. Trails Carolina lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 46 of the complaint and therefore denies same and demands strict proof thereof.

47.     Trails Carolina alleges that the allegations of paragraph 47 of the complaint state legal conclusions, thus, no answer is required. To the extent it is somehow alleged that it breached any duty, those allegations are denied and strict proof is demanded thereof.

48.     Trails Carolina denies the allegations of paragraph 48 of the complaint.

49.     It denies the allegations of paragraph 49 of the complaint.

50.     It denies the allegations of paragraph 50 of the complaint.

51.     It denies the allegations of paragraph 51 of the complaint.

52.     It denies the allegations of paragraph 52 of the complaint.

53.     In response to the allegations of paragraph 53 of the complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 through 52 above.

54.     It alleges that the allegations of paragraph 54 of the complaint state legal conclusions, thus, no answer is required. To the extent it is somehow alleged that it breached any duty, those allegations are denied and it demands strict proof thereof.

55.     Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 55 of the complaint and therefore denies same and demands strict proof thereof.

56.     Trails Carolina admits so much of paragraph 56 of the complaint as allege that it marketed its experience and knowledge in working with emotionally disturbed adolescents and children.  It lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 56 of the complaint and therefore denies same and demands strict proof thereof.

57.     Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 57 of the complaint and therefore denies same and demands strict proof thereof.

58.     It alleges that the allegations of paragraph 58 of the complaint state legal conclusions, thus, no answer is required.  To the extent it is somehow alleged that it breached any duty, those allegations are denied and strict proof is demanded thereof.

59.     Trails Carolina denies the allegations of paragraph 59 of the complaint.

60.     It lacks sufficient information to form a belief as to the truth of the allegations of paragraph 60 of the complaint and therefore denies same and demands strict proof thereof.

61.     Trails Carolina denies the allegations of paragraph 61 of the complaint.

62.     It denies the allegations of paragraph 62 of the complaint.

63.     In response to the allegations of paragraph 63 of the complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 through 62 above.

64. It admits so much of the allegations of paragraph 64 of the complaint as allege the minor plaintiff was enrolled in The Wilderness Program on June 1, 2009. However, it denies the remaining allegations of paragraph 64 of the complaint.

65. It denies the allegations of paragraph 65 of the complaint.

66. It denies the allegations of paragraph 66 of the complaint.

67. It denies the allegations of paragraph 67 of the complaint.

68. It denies the allegations of paragraph 68 of the complaint.

69. It denies the allegations of paragraph 69 of the complaint.

70. It denies the allegations of paragraph 70 of the complaint.

71. It denies the allegations of paragraph 71 of the complaint.

72. In response to the allegations of paragraph 72 of the complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 through 71 above.

73. It admits so much of paragraph 73 of the complaint as allege that it marketed its experience and knowledge in working with emotionally disturbed adolescents and children. It lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 73 of the complaint and therefore denies same and demands strict proof thereof.

74. Trails Carolina denies the allegations of paragraph 74 of the complaint.

75. It lacks sufficient information to form a belief as to the truth of the allegations of paragraph 75 of the complaint and therefore denies same and demands strict proof thereof.

76. Trails Carolina admits so much of paragraph 76 of the complaint as allege that June Doe was placed in a group with male students. All remaining allegations contained in paragraph 76 of the complaint are denied and strict proof is demanded thereof.

77.     Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 77 of the complaint and therefore denies same and demands strict proof thereof.

78.     It denies the allegations of paragraph 78 of the complaint.

79.     It alleges that the allegations of paragraph 79 of the complaint state legal conclusions, thus, no answer is required. To the extent it is somehow alleged that Trails Carolina breached any duty, those allegations are denied and strict proof is demanded thereof.

80.     Trails Carolina denies the allegations of paragraph 80 of the complaint.

81.     It denies the allegations of paragraph 81 of the complaint.

82.     It denies the allegations of paragraph 82 of the complaint.

83.     It denies the allegations of paragraph 83 of the complaint.

84.     It denies the allegations of paragraph 84 of the complaint.

85.     It denies the allegations of paragraph 85 of the complaint.

86.     In response to the allegations of paragraph 86 of the complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 through 85 above.

87.     It alleges that the allegations of paragraph 87 of the complaint state legal conclusions, thus, no answer is required. To the extent it is somehow alleged that Trails Carolina breached any duty, those allegations are denied and strict proof is demanded thereof.

88.     Trails Carolina denies the allegations of paragraph 88 of the complaint.

89.     It alleges that the allegations of paragraph 89 of the complaint allege legal conclusions, thus, no answer is required. To the extent it is somehow alleged that Trails Carolina breached any duty, those allegations are denied and strict proof is demanded thereof.

90. Trails Carolina denies the allegations of paragraph 90 of the complaint.

91. It denies the allegations of paragraph 91 of the complaint.

92. In response to the allegations of paragraph 92 of the complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 through 91 above.

93. Trails Carolina denies the allegations of paragraph 93 of the complaint.

94. It denies the allegations of paragraph 94 of the complaint.

95. It denies the allegations of paragraph 95 of the complaint.

96. It denies the allegations of paragraph 96 of the complaint.

97. It denies the allegations of paragraph 97 of the complaint.

98. It denies the allegations of paragraph 98 of the complaint.

99. It denies the allegations of paragraph 99 of the complaint.

100. It denies the allegations of paragraph 100 of the complaint.

101. It denies the allegations of paragraph 101 of the complaint.

102. In response to the allegations of paragraph 102 of the complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 through 101 above.

103. Trails Carolina admits the allegations of paragraph 103 of the complaint.

104. It admits so much of the allegations of paragraph 104 of the complaint that allege that it marketed its experience and knowledge in working with emotionally disturbed children. It lacks sufficient information to form a belief as to the truth of any remaining allegations of paragraph 104 of the complaint and therefore denies same and demands strict proof thereof.

105. Trails Carolina alleges that the allegations of paragraph 105 of the complaint state legal conclusions, thus, no answer is required. To the extent it is somehow alleged that it breached any duty, those allegations are denied and it demands strict proof thereof.

106. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 106 of the complaint and therefore denies same and demands strict proof thereof.

107. It denies the allegations of paragraph 107 of the complaint.

108. It denies the allegations of paragraph 108 of the complaint.

109. It denies the allegations of paragraph 109 of the complaint.

110. It denies the allegations of paragraph 110 of the complaint.

111. It denies the allegations of paragraph 111 of the complaint.

112. Trails Carolina denies each and every allegation of the complaint not hereinabove specifically admitted, explained or modified.

**FOR A SECOND DEFENSE AS TO ALL CAUSES OF ACTION**

113. Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

114. It alleges that the plaintiffs' complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FOR A THIRD DEFENSE AS TO ALL CAUSES OF ACTION**

115. Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense

116.	It alleges that even if it was negligent, grossly negligent, reckless, and/or willful and wanton in any respect, which is expressly denied and admitted solely for the purpose of this defense and no others, it is not liable to the plaintiffs for the alleged resulting damages, if any, because of the intervening negligent, grossly negligent, reckless, willful and wanton, unlawful, and/or criminal actions on the part of third parties, which negligent, grossly negligent, reckless, willful and wanton, unlawful, and/or criminal actions on their part were not reasonably foreseeable and which intervened and acted as the direct and proximate cause of the damages and/or injuries, if any, allegedly sustained by the plaintiffs.

## **FOR A FOURTH DEFENSE AS TO ALL CAUSES OF ACTION**

117.	Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

118.	It alleges that the damages of the plaintiffs, if any, were the direct and proximate result of the negligent, reckless, and willful conduct of June Doe and/or plaintiffs, which combined and concurred with any negligence or recklessness on the part of this defendant which is specifically denied and admitted solely for the purpose of this defense and no other, and the alleged damages of the plaintiffs would not have occurred if June Doe and/or plaintiffs had not been guilty of such negligence and recklessness.  Therefore, the plaintiffs' complaint is barred to the extent that June Doe's and/or plaintiffs' contributory negligence and recklessness is more than fifty (50%) percent of the negligence and recklessness in this action.  The plaintiffs' recovery should be reduced by the percentage of June Doe's negligence to the extent that such negligence and recklessness is fifty (50%) percent or less of the total negligence and recklessness in this action.

### FOR A FIFTH DEFENSE AS TO ALL CAUSES OF ACTION

119.    Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

120.    It alleges that while it was not negligent in any respect, nevertheless, plaintiffs, by the exercise of ordinary care, could have avoided the consequences of any negligence of which plaintiffs charge this defendant, and, therefore, the plaintiffs are not entitled to recover in this case.

### FOR A SIXTH DEFENSE AS TO ALL CAUSES OF ACTION

121.    Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

122.    It alleges that to the extent that the plaintiffs have failed to mitigate their damages in the manner required by law, such failure to mitigate is pled as a bar to plaintiffs' claim, and any amount awarded to plaintiffs should be reduced or diminished by the amount plaintiffs could have reasonably avoided.

### FOR A SEVENTH DEFENSE AS TO ALL CAUSES OF ACTION

123.    Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

124.    It alleges that, if the plaintiffs were injured as a result of the alleged incident, such injuries were caused by the plaintiffs' common law and contractual assumption of the risk and, therefore, this defendant is not liable to the plaintiffs herein.

### FOR AN EIGHTH DEFENSE AS TO ALL CAUSES OF ACTION

125.    Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

126. It alleges that this Court lacks jurisdiction, both personal and subject matter, over this action. As such, the plaintiffs' claims should be dismissed.

### FOR A NINTH DEFENSE AS TO ALL CAUSES OF ACTION

127. Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

128. It alleges that venue is improper in this matter and it should thus be dismissed or, alternatively, transferred to the appropriate venue.

### FOR A TENTH DEFENSE AS TO ALL CAUSES OF ACTION

129. Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

130. It alleges that to the extent this action is governed by the operation of South Carolina Code § 15-36-100 or N.C.G.S.A. § 90-21.11 and NCRCP 9(J), the plaintiffs have failed to comply with these statutes. As such, their claims are barred and the complaint should be dismissed.

### FOR AN ELEVENTH DEFENSE AS TO ALL CAUSES OF ACTION

131. Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

132. It alleges that the relationship between it and the plaintiffs and the duties and responsibilities of each are governed by an enrollment agreement entered into by and between the plaintiffs and Trails Carolina. It further alleges that, under the terms of that agreement, the plaintiffs agreed, among other things, to assume all risks, not to sue and release, hold harmless and indemnify Trails Carolina from any actions including actions based on negligence, carelessness or any other cause under theories of either contract or tort law. The agreement also

provides that the plaintiffs agreed to waive and release any and all rights which they may have for any claims for damages for personal injury.

133.  Trails Carolina pleads the terms of this agreement including, but not limited to, the terms of paragraph 7 of the enrollment agreement as a complete defense and bar to the plaintiffs' claims.

## FOR A TWELFTH DEFENSE AS TO ALL CAUSES OF ACTION

134.  Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

135.  It alleges that insofar as the plaintiffs' complaint seeks punitive damages, such damages are violative of both the United States and South Carolina Constitutions.

## FOR A THIRTEENTH DEFENSE AS TO ALL CAUSES OF ACTION

136.  Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

137.  It alleges that the relationship between it and the plaintiffs and the duties and responsibilities of each are governed by the enrollment agreement entered into by and between the plaintiffs and Trails Carolina.  It further alleges that, under the terms of the agreement, the plaintiffs agreed, among other things, to resolve disputes between the plaintiffs and Trails Carolina arising out of that agreement through arbitration by an American Arbitration Association approved arbitration service in the State of North Carolina.

138.  Trails Carolina pleads that the terms of this agreement including, but not limited to, the terms of paragraph 25 of the enrollment agreement are a complete defense and bar to the plaintiff's claims.

WHEREFORE, having fully answered the complaint, the defendant, Trails Carolina, LLC, prays that it be dismissed, with costs, and for such any and other further relief as this Court shall deem just and proper.

                                              s/ Phillip E. Reeves
                                              Phillip E. Reeves (Fed. Bar # 3232)
                                              Scott J. Bradley (Fed. Bar # 9926)
                                              GALLIVAN, WHITE & BOYD, P.A.
                                              P.O. Box 10589
                                              Greenville, SC 29603
                                              (864) 271-9580
                                              (864) 271-7502 FAX
                                              preeves@gwblawfirm.com
                                              sbradley@gwblawfirm.com

Greenville, South Carolina

                                              Attorneys for Defendant,
October 29, 2010                            Trails Carolina, LLC


The defendant, Trails Carolina, LLC, demands a trial by jury.

                                              s/ Phillip E. Reeves
                                              Phillip E. Reeves