IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | | |
|---|---|---|
| Jane Doe & John Doe, individually and on behalf of the minor, June Doe, | ) ) ) | |
| Plaintiff, | ) ) | **TRAILS CAROLINA, LLC'S ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES** |
| vs. | ) ) | |
| New Leaf Academy of North Carolina, LLC; and Trails Carolina, LLC, | ) ) ) | C.A. No.: 8:10-2365-JMC |
| Defendants. | ) ) ) | |

The defendant, Trails Carolina, LLC, (hereinafter "Trails Carolina"), by and through the undersigned, hereby provides the following information pursuant to Local Rule 26.03, D.S.C.:

**(1)    A short statement of the facts of the case.**

**ANSWER:**

This matter arises out of an alleged sexual assault on June 5, 2009 in Pickens County, South Carolina.  The minor plaintiff, June Doe, was a student at the Trails Carolina program when she was allegedly raped by a fellow student during an overnight camping excursion.  June Doe and the minor perpetrator were under the supervision of Trails Carolina.

**(2)    The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**ANSWER:**

a)    <u>June Doe:</u>  Miss Doe has knowledge of the facts pertaining to the alleged incident at issue and her alleged injuries.

b)    <u>Alleged Perpetrator:</u>  The alleged perpetrator in the incident has knowledge of the facts pertaining to the incident at issue and of Miss Doe's behavior while at Trails Carolina.

c)      Graham Shannonhouse:  Ms. Shannonhouse is the director and part owner of Trails Carolina, LLC.  She has knowledge of June Doe's psychological condition and her behavior and actions while at Trails Carolina.  Ms. Shannonhouse also has knowledge of the policies, procedures and operations of Trails Carolina.

d)      Caryln Daubs:  Ms. Daubs is an employee of Trails Carolina and was June Doe's counselor while at Trails Carolina.  Ms. Daubs has knowledge of Miss Doe's psychological condition and her behavior and actions while at Trails Carolina.  She also has certain knowledge of Trails Carolina policies, procedures and operations.

e)      Emily Maulton:  Ms. Maulton is a former employee of Trails Carolina.  Ms. Maulton has knowledge of Miss Doe's psychological condition and behavior while at Trails Carolina.  She also has certain knowledge of Trails Carolina policies, procedures and operations.

f)      Jaime Horton:  Mr. Horton was a student in the Trails Carolina program and has knowledge of June Doe's behavior prior to the alleged incident.  Mr. Horton may also have knowledge of the facts pertaining to the incident at issue.

g)      Jordan Jelaco:  Mr. Jelaco was a student in the Trails Carolina program and has knowledge of June Doe's behavior prior to the alleged incident.  Mr. Jelaco may also have knowledge of the facts pertaining to the incident at issue.

h)      Josh Brown:  Mr. Brown was a student in the Trails Carolina program and has knowledge of June Doe's behavior prior to the alleged incident.  Mr. Brown may also have knowledge of the facts pertaining to the incident at issue.

i)      Michael Irvine:  Mr. Irvine was a student in the Trails Carolina program and has knowledge of June Doe's behavior prior to the alleged incident.  Mr. Irvine may also have knowledge of the facts pertaining to the incident at issue.

j)      <u>Additional Students that were in the Trails Carolina program:</u>  These as yet unidentified individuals may have knowledge of June Doe's behavior prior to the alleged incident at issue.

k)      <u>Currently Unidentified Past and Current Physicians or Mental Healthcare Providers of June Doe:</u>  Miss Doe's past and current mental health physicians or counselors will have knowledge of various aspects of her mental health condition prior to and subsequent to the alleged incident.

l)      <u>Grady McGinnis:</u>  Mr. McGinnis is a former employee of Trails Carolina, LLC. Mr. McGinnis has knowledge of the facts pertaining to the alleged incident and of Miss Doe's behavior while at Trails Carolina.

m)      <u>Roxanne Carfaro:</u>  Ms. Carfaro is a former employee of Trails Carolina, LLC. Ms. Carfaro has knowledge of the facts pertaining to the alleged incident and of Miss Doe's behavior while at Trails Carolina.

n)      <u>Mary Shaylene Pierce</u>:  Ms. Pierce was June Doe's group counselor while in the Trails Carolina program.  Ms. Pierce has knowledge of Miss Doe's psychological condition and behavior while at Trails Carolina.  She also has certain knowledge of Trails Carolina policies, procedures and operations.

o)      <u>Currently Unidentified Employees of the Pickens County Sheriff's Department:</u> These individuals may have knowledge of facts pertaining to the alleged incident obtained during their investigations of the incident.

p)      <u>Currently Unidentified Medical Staff at Pickens County Hospital:</u>  These individuals may have knowledge of the rape kit/examination performed on June Doe following the alleged incident.

3

**(3)**    **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

**ANSWER:**

None at this time.  Defendant will likely retain medical/psychological expert to evaluate and address June Doe's psychological condition both prior to and subsequent to the alleged incident.  Additional experts may become necessary as discovery progresses.

**(4)**    **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**ANSWER:**

It is the contention of Trails Carolina that the incident did not occur as alleged.

(a)    <u>Proximate cause</u>:  Negligence is not actionable unless it is a proximate cause of the injury.  *McNair v. Rainsford*, 499 S.E.2d 488 (S.C. App. 1998).

(b)    <u>Mitigation of damages</u>:  An individual injured by the actions of another has the legal duty to do what a prudent person would do to mitigate his or her damages. *Baril v. Aiken Regional Medical Centers,* 352 S.C. 271, 573 S.E.2d 830, (S.C. App. 2002).

(c)    The following state and federal cases and their progeny relate to plaintiff's claim for punitive damage in the instant case:  *BMW of N. America v. Gore*, 517 U.S. 559, 116 S.Ct. 1589 (1996) (addressing constitutional issues with punitive damages); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 111, S.Ct. 1032 (1999) (same); *State Farm v. Campbell*, 123 S.Ct. 1513, 155 L.Ed.2d 585, 71 USLW 4282 (2003); *Lister v. Nationsbank of Del.*, 329 S.C. 133, 494 S.E.2d 449 (1997) (South Carolina constitutional requirements for punitive damages); *Gamble v. Stevenson*, 305 S.C. 104, 406 S.E.2d 390 (1991) (same).

**(5)**    **Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

      (a)      **Exchange of Fed.R.Civ.P. 26(a)(2) expert disclosures; and**

      (b)      **Completion of discovery.**

**ANSWER:**

The parties have submitted a proposed Scheduling Order to the Court establishing these deadlines.

**(6)      The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the Scheduling Order.**

**ANSWER:**

The parties believe that the serious nature of the allegations, the large number of witnesses, and the fact that many witnesses are minors warrants additional time as set forth in the Proposed Scheduling Order.

**(7)      The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

**ANSWER:**

Defendant is not aware of any such information.

 

                            s/ Phillip E. Reeves
                            Phillip E. Reeves (Fed. I.D. No. 3232)
                            Scott J. Bradley (Fed. I.D. No. 9926)
                            GALLIVAN, WHITE & BOYD, P.A.
                            55 Beattie Place, Suite 1200
                            P.O. Box 10589
                            Greenville, SC 29603
                            Tel:   (864) 271-9580
                            Fax:   (864) 271-7502

                            Attorneys for Defendant,

Greenville, South Carolina         Trails Carolina, LLC.

November 15, 2010