IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Jane Doe and John Doe, individually and on behalf of the minor, June Doe,<br><br>    Plaintiffs,<br><br>v.<br><br>New Leaf Academy of North Carolina, LLC; and Trails Carolina, LLC,<br><br>    Defendants. | C.A. No. 8:10-cv-02365-JMC<br><br>**OPINION AND ORDER** |

    The matter is before the court on Defendant New Leaf Academy's ("New Leaf") Motion to Dismiss [Doc. 6] pursuant to Federal Rule of Civil Procedure 12(b)(2), Federal Rule of Civil Procedure 12(b)(3), or in the alternative to compel arbitration and to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), or in the alternative for a stay of this action pending arbitration of this dispute as mandated by the Federal Arbitration Act. Based on the memoranda filed by the parties, the court grants New Leaf's Motion on the grounds of its alternative request to the court to compel arbitration and dismiss the case.

**FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiffs Jane Doe and John Doe ("Plaintiffs") enrolled their minor daughter, June Doe, as a student at New Leaf, an all-girls therapeutic boarding school catering to the emotional, developmental, social and academic needs of girls. New Leaf subsequently transferred June Doe to a program administered by Defendant Trails Carolina, LLC's ("Trails Carolina") in which June Doe was integrated into a predominantly male group of students. Plaintiffs contend that New Leaf made

1

the transfer without adequately informing them of the circumstances of June Doe's placement with Trails Carolina. Plaintiffs further allege that shortly after June Doe began participation in the program at Trails Carolina, June Doe was raped while attending a camping trip in South Carolina with the male student group.

Prior to June Doe entering New Leaf, Plaintiffs Jane Doe and John Doe executed several documents including a New Leaf Academy Enrollment Agreement ("the Agreement"). The Agreement contains an arbitration clause and a forum selection clause which requires that any dispute arising out of the Agreement be resolved through arbitration in the state of California as the exclusive venue. The provisions of the Agreement are as follows:

> BINDING ARBITRATION: Any controversy or claim arising out of or related to this contract, except at New Leaf's option the collection of monies owed by Sponsor to New Leaf, shall be settled by binding arbitration conducted in the State of California in accordance with the rules of the American Arbitration Association. Judgment upon the award rendered by the arbitrator(s) may be entered in any court of competent jurisdiction for purposes of executing upon the award.
>
> GOVERNING LAW/VENUE: This agreement, and all matters relating hereto, including any matter or dispute arising between the parties out of this Agreement, tort or otherwise, shall be interpreted, governed, and enforced according to the laws of the State of California; and the Parties consent and submit to the exclusive jurisdiction and venue of the California Courts in Los Angeles County, California and any qualified (American Arbitration Association-approved) arbitration service in the State of California, County of Los Angeles, to enforce this agreement. The parties acknowledge that this agreement constitutes a business transaction within the State of California.

*See* New Leaf Academy Enrollment Agreement, at § § 16 and 22. [Doc. 6-10].

Plaintiffs originally filed this action in the Pickens County, South Carolina Court of Common Pleas. Defendants removed the matter to this court on the basis of diversity jurisdiction. Plaintiffs' Complaint sets forth several causes of action against Defendants arising out of June Doe's alleged

rape and New Leaf's actions in conducting its programs. Plaintiffs' claims primarily set forth allegations of negligence and gross negligence, and other causes of action for premises liability, breach of Defendants' "duty *in loco parentis*," breach of fiduciary duty, and civil conspiracy.

New Leaf now moves this court for an order dismissing the case pursuant to the Federal Rules of Civil Procedure, or alternatively for an order compelling arbitration.

## DISCUSSION

### I.    Personal Jurisdiction

New Leaf asserts that this matter should be dismissed because the court may not assert personal jurisdiction over it.

"When personal jurisdiction is challenged by the defendant, the plaintiff has the burden of showing that jurisdiction exists." *Tetrev v. Pride Int'l, Inc.*, 465 F. Supp. 2d 555, 558 (D.S.C. 2006). To determine whether a plaintiff has satisfied this burden, the court may consider both defendant's and plaintiff's "pleadings, affidavits, and other supporting documents presented to the court" and must construe them "in the light most favorable to plaintiff, drawing all inferences [,] resolving all factual disputes in his favor," and "assuming [plaintiff's] credibility." *Masselli & Lane, PC v. Miller & Schuh, PA*, No. 99-2440, 2000 WL 691100, at *1 (4th Cir. May 30, 2000); *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir.1993); *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989). This court, however, need not "credit conclusory allegations or draw farfetched inferences." *Massellli*, 2000 WL 691100, at *1 (quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994)). Plaintiff must also base his claim for personal jurisdiction "on specific facts set forth in the record." *Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc*., 784 F. Supp. 306, 310 (D.S.C. 1992). Personal jurisdiction over an out-of-state defendant may be either general or specific.

### A. General Jurisdiction

Section 36-2-802 of the South Carolina Code authorizes general jurisdiction over persons who do business or maintain a principal place of business in the forum state. *See* S.C. Code Ann. § 36-2-802 (2009). As such, general jurisdiction arises from a party's continuous and systematic activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). These activities must be "so substantial and of such a nature as to justify suit against [the defendants] on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). General jurisdiction is proper where the defendant has purposefully "availed himself of the privilege of conducting business [in the forum state]." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

New Leaf is a Delaware limited liability company that operated the "New Leaf Academy" in Hendersonville, North Carolina. New Leaf's corporate headquarters were located in Los Angeles, California. There is no allegation or evidence in the record indicating that New Leaf operated a facility in South Carolina or otherwise engaged in any substantial, continuous, or systematic activities in South Carolina. Therefore, the court may not exercise general jurisdiction over New Leaf. The court next determines whether it may appropriately exercise specific jurisdition over New Leaf in this case.

### B. Specific Jurisdiction

A court may exercise specific jurisdiction when "the out of state defendant engage[s] in some activity purposely aimed toward the forum state and . . . the cause of action arise[s] directly from that activity." *ESAB Group, Inc. v. Centricut, LLC*, 34 F. Supp. 2d 323, 331–32 (D.S.C. 1999); *see* S.C. Code Ann. § 36-2-803. Minimal, isolated or unsolicited contacts, however, do not give rise to the

required purposeful connection between an out of state defendant and the forum state. *Umbro USA, Inc. v. Goner*, 825 F. Supp. 738, 741 (D.S.C. 1993).

A district court may exercise personal jurisdiction "if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). Under South Carolina's long-arm statute, personal jurisdiction may be based on conduct in South Carolina including, but not limited to, the commission of a tortious act in whole or in part in South Carolina. *See* S.C. Code Ann. § 36-2-803. The Supreme Court of South Carolina has interpreted South Carolina's long-arm statute to extend to the outer limits of Fourteenth Amendment due process. *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir. 2002). "Because South Carolina treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process." *Cockrell v. Hillerich & Bradsby Co.*, 363 S.C. 485, 491, 611 S.E.2d 505, 508 (2005).

The Due Process Clause is satisfied for personal jurisdiction purposes if a defendant has "purposefully availed itself of the privilege of conducting business in the forum state" by establishing sufficient "minimum contacts" "such that maintenance of the suit does not offend traditional notions of "fair play and substantial justice." *Burger King v. Rudzewicz*, 471 U.S. 462, 475–76 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980); *Int'l Shoe Co.*, 326 U.S. at 316. A defendant has sufficient minimum contacts with a state when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Woodson*, 444 U.S. at 297. Courts also consider whether "the

defendant has 'purposely directed' his activities at residents of the forum." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984).

The court finds that personal jurisdiction, on the basis of specific jurisdiction, is properly asserted against New Leaf because it's alleged conduct resulted in the commission of a tortious act, at least in part, in South Carolina. Furthermore, the court finds that New Leaf's consent for Trails Carolina to take June Doe on a camping trip in South Carolina constitutes sufficient minimal contacts to comport with the requirements of due process. Accordingly, the court finds that it is fair and reasonable to exercise personal jurisdiction over New Leaf.

**II.     Venue Selection**

New Leaf also argues that dismissal is appropriate because Plaintiffs have brought this case in an improper venue. Under 28 U.S.C. § 1391(a), a civil action based only on diversity of citizenship may be brought in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. Subsection (c) of § 1931 provides that a corporation resides in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

The parties do not dispute that a substantial part of the events giving rise to the claim - namely, the alleged rape – occurred in Pickens County, South Carolina. Additionally, as discussed in Part I, *supra*, the court may appropriately assert personal jurisdiction over New Leaf. Therefore, for purposes of the venue statute, New Leaf resides in this judicial district. Accordingly, venue in

the District of South Carolina is proper and New Leaf is not entitled to dismissal on the basis of Rule 12(b)(3), Fed. R. Civ. P.[1]

### III.    Forum Selection

Plaintiffs do not challenge the parties' agreement to participate in arbitration of this dispute. *See* Plaintiffs' Response to Defendant New Leaf Academy LLC's Reply Memorandum in Support of Motion to Dismiss, at 7 [Doc. 22]. Therefore, the court need not make a determination of the enforceability of the general arbitration clause.[2] However, Plaintiffs argue that the forum selection clause in the Agreement designating California as the exclusive jurisdiction for arbitration is unenforceable and that they should not be compelled to arbitrate in California. Accordingly, the issue before the court is whether the forum selection clause in the Agreement is enforceable and, if it is not enforceable, whether such clause is severable from the parties' agreement to arbitrate this dispute.[3]

Federal law governs the enforceability of forum selection clauses. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988); *see also Scott v. Guardsmark Sec.*, 874 F. Supp. 117, 120 (D.S.C. 1995) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988). Under federal law, forum selection clauses are generally *prima facie* valid and enforceable unless the

---

[1] The court addresses the issues related to the forum selection clause in the Agreement in Part III, *infra*.

[2] A court may compel arbitration under the Federal Arbitration Act upon a determination that the parties agreed in writing to arbitrate the dispute. *See Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002).

[3] The court need not determine the applicability of the governing law provision of the Agreement. For purposes of this motion, the federal law applicable in South Carolina and California are substantially the same.

circumstances show that the clause is unreasonable or unjust. *See Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972); *see also Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) *and Mercury Coal & Coke v. Mannesmann Pipe and Steel*, 696 F.2d 315 (4th Cir. 1982). A forum selection clause will not be enforced where the court finds that: (1) its formation was induced by fraud or overreaching; (2) the grave inconvenience or unfairness of the selected forum will have the effect of depriving the non-moving party of his or her day in court; and (3) enforcement would contravene a strong public policy of the forum in which the suit is brought. *Argueta,* 87 F.3d at 325 (discussing *Bremen,* 407 U.S. at 12–13); *see also Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir.1996) . The burden of demonstrating the unreasonableness of a forum selection clause is on the party seeking to avoid enforcement of the clause. *See Murphy v. Schneider Nat'l*, 362 F.3d 1133, 1141 (9th Cir. 2004)

   Plaintiffs primarily argue that the chosen forum is so inconvenient as to deprive Plaintiffs of their day in court. In support of their arguments, Plaintiffs allege that it will be inconvenient and unfair to arbitrate in California when the majority of the witnesses are located in South Carolina or North Carolina. All of the decisions at issue in this case were made by New Leaf personnel in North Carolina, the other corporate defendant Trails Carolina is a North Carolina corporate entity, and the alleged tort occurred in South Carolina. Additionally, the record reflects that Plaintiffs have had no contact with California related to this matter and the only connection in this case to California is that New Leaf's has a corporate headquarters in California. Accordingly, it appears that the forum selection clause in the Agreement was included solely for the convenience of New Leaf, but would otherwise impose great inconvenience and cost to secure the appearance of necessary witnesses in this case.

Additionally, the disparate bargaining power of the parties makes the enforcement of the forum selection clause unjust. This forum selection clause was not the result of negotiation between sophisticated business entities. Instead, the forum selection clause was contained in a standard boiler-plate contract presented to Plaintiffs. While the court does not broadly find that all forum selection clauses contained in standard agreements between parties of disparate bargaining power are necessarily unenforceable, the circumstances of this case taken together with the obvious lack of relationship of the chosen forum to the dispute between the parties warrant a finding that the forum selection clause is unenforceable here.

The court must now determine whether the parties' agreement to arbitrate is severable from the forum selection clause. Federal law favors the enforceability of arbitration agreements. *See Akaoma v. Supershuttle Intern. Corp.,* 2011 WL 2466320, * 1 (4th Cir. 2011) (citing *AT & T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745–46 (2011)). In determining whether the agreement to arbitrate is entire or severable, the court must consider the parties' intent at the time of entering into the agreement. *See, e.g., Frankenmuth Mut. Ins. Co. v. Escambia County*, 289 F.3d 723, 728-29 (11th Cir. 2002); *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 722 (5th Cir. 1995). The intent of the parties may be evidenced by the language of the agreement and the surrounding circumstances. *See, e.g., Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 890 (6th Cir. 2002); *National Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326, 333 (5th Cir. 1987).

Although not expressly stated in the Agreement, it appears that the parties intended to agree to arbitrate their disputes separate and apart from their agreement to submit to exclusive jurisdiction in California. The court notes that, although the choice of forum is referenced in the arbitration provision of the Agreement, the forum selection clause stands as its own independent provision of

the contract. Additionally, the Agreement also contains a severability clause providing that upon a finding that any provision in the Agreement is unenforceable, "the Agreement shall be regarded as modified accordingly and, in any event, the remainder of this Agreement shall continue in full force and effect." *See* New Leaf Enrollment Agreement, at § 23. Therefore, the court determines that the forum selection clause was collateral to the parties' agreement to arbitrate their disputes. Accordingly, the court finds that the forum selection clause of the Agreement is severable from the arbitration clause of the Agreement.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** New Leaf Academy's Motion to Dismiss [Doc. 6] and compels the parties to participate in arbitration in the District of South Carolina. This matter is dismissed without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 22, 2011
Greenville, South Carolina