IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

|  |  |
|---|---|
| ) | ) CA No. 8:10-2365-JMC |
| Jane Doe & Joe Doe, individually<br>and on behalf of the minor June Doe | ) |
|  | )          FIRST AMENDED COMPLAINT |
|  | )          (Jury demand endorsed herein) |
| Plaintiff, | ) |
|  | ) |
| versus | ) |
|  | ) |
| New Leaf Academy of North Carolina,<br>LLC; Trails Carolina, LLC; Dr. Sheneen<br>Daniels & Carlyn Daubs & Create<br>Clinical, Inc. | ) |
|  | ) |
| Defendants | ) |

The Plaintiff, complaining of the Defendants above named, alleges and will respectfully show unto this Honorable Court as follows:

1.     Jane and Joe Doe, are the mother and father of the minor June Doe and are citizens and residents of the State of Ohio. Due to the fact the minor June Doe is an alleged victim of sexual assault, Jane and Joe Doe acting on June Doe's behalf in bringing this action, assert their right and their minor daughter's right to pursue this action under a pseudonym to protect themselves and their minor daughter's right to privacy. At all times material hereto, June Doe was a minor invitee of "New Leaf Academy" and "Trails Carolina."

2.     Defendant, "New Leaf Academy" is registered as a limited liability corporation (LLC) and at all times material hereto operated as a LLC with all rights and responsibilities under the laws of the State of North Carolina, located in the County of Transylvania, at the following address: 2075 N. Rugby Road, Hendersonville, North

Carolina 28791. At the time of the incidents alleged herein "New Leaf Academy" was providing emotional rehabilitation services for youth and children, including the minor Plaintiff June Doe.

3.      The Defendant, "Trails Carolina" is registered as a limited liability corporation (LLC) and at all times material hereto operated as a LLC with all rights and responsibilities under the laws of the State of North Carolina, located in the County of Wake, at the following address: 500 Camp Winding Gap Road, Lake Toxaway, North Carolina 28747. At the time of the incidents alleged herein "Trails Carolina" was providing emotional rehabilitation services for youth and children, including the minor Plaintiff, June Doe.

4.      John Doe was a 16 year old male who attended the wilderness camp program through "Trails Carolina" as an invitee and sexually assaulted the minor June Doe. At all times material hereto, John Doe was in the custody of "Trails Carolina."

5.      Upon information and belief and at all times material hereto, Catherine Jennings and Kathryn Huffman, were Directors and Counselors of "New Leaf Academy." As Directors and Counselors these individuals were agents for "New Leaf Academy" and responsible for managing "New Leaf Academy's" operations of the school which included the hiring, training, and oversight of personnel, and the safety and well-being of the invited minors who were entrusted to their care, including the minor plaintiff June Doe.

6.      Upon information and belief and at all times material hereto, Graham Shannonhouse, Carlyn Daubs, Scott Huffman, Grady Manis and Roxy Carfaro were Directors, Counselors, and agents of "Trails Carolina." As Directors, Counselors, and

agents for "Trails Carolina" these individuals were responsible for managing the operation of the camps including the premises, personnel and the safety and well-being of the invited minors entrusted to their care.

7.     Create Clinical Inc. is a North Carolina corporation registered and existing under the laws of the state of North Carolina, conducting business in North Carolina and South Carolina. Create Clinical Inc. contracted with Defendant Trails Carolina to provide therapeutic supervision of students and campers enrolled in the Trails Carolina wilderness camp program including the minor plaintiff June Doe while she was in Pickens County, South Carolina where the sexual assault that is the basis for the allegations of this complaint occurred.

8.     Dr. Sheneen Daniels is a Ph.d psychologist and was an agent and/or employee and/or principal officer of Create Clinical Inc. and was hired by Defendant Trails Carolina, Inc. as a consultant to supervise therapists in the Trails Wilderness camp program. At all times material to this case, Dr. Daniels was supervising Carlyn Daubs who was the minor plaintiff's designated counselor and/or therapist for Trails Carolina, Inc.   When the minor plaintiff was in the Trails program and more specifically when the minor plaintiff was transferred from the all girls group to the all boys group as part of the Trails wilderness program, Dr. Daniels was completing a psychological assessment of the minor plaintiff.

<u>JURISDICTION</u>

9.     This Court has personal jurisdiction over Defendant "New Leaf Academy," a North Carolina limited liability corporation, as it participated in, and directed, the placement of June Doe into the "Trails Carolina" program.

3

10. This Court has personal jurisdiction over Defendant "Trails Carolina," a North Carolina limited liability corporation conducting business in South Carolina.

11. This court has personal jurisdiction over Defendants Carlyn Daubs.

12. This Court has personal jurisdiction over Defendants Sheneen Daniels and Create Clinical, Inc.

13. This Court has subject matter jurisdiction over all causes of action alleged by Plaintiff.

14. Some of the actions complained of herein, including the incident resulting in injury for which this claim arose took place in Pickens County, South Carolina.


GENERAL ALLEGATIONS

15. In January, 2009, Jane and Joe Doe entrusted their minor daughter, June Doe, to the custody and care of Defendant "New Leaf Academy," a boarding school for pre-teen girls and adolescent girls ages 10-14, diagnosed with emotional and behavioral issues.

16. Plaintiffs enrolled June Doe at "New Leaf Academy" in what they thought was a safe, well-structured learning environment complete with therapists and psychological counseling.

17. At all times material hereto, Defendant "New Leaf Academy" held themselves out as experts in working with emotionally disturbed children. Because of this, Jane and Joe Doe entrusted their minor daughter to Defendant "New Leaf Academy."

18. On or about May 4, 2009 Jane Doe learned from Catherine Jennings, agent for "New Leaf Academy," that the minor, June Doe would be transferred to a new wilderness program called "Trails Carolina." Neither Jane nor Joe Doe were fully consulted or given

the opportunity to make an informed decision about their daughter's placement.

19. Jane and Joe Doe were originally told that "New Leaf Academy" placed June Doe in the custody of "Trails Carolina," as opposed to other therapeutic programs, because it had girls close in age to June Doe.

20. Defendants "New Leaf Academy" and "Trails Carolina" were aware and on notice of June Doe's need for a high level of supervision because of her diagnosed emotional issues.

21. On or about May 29, 2009 Carlyn Daubs, counselor for the minor plaintiff and agent for "Trails Carolina" informed Plaintiff Jane Doe that her minor daughter, June Doe had "burned all of her bridges and won't make any further progress with the girls group at 'Trails Carolina'" and without conferring with her or Joe Doe beforehand placed the 12 year older minor plaintiff June Doe in an all male group at "Trails Carolina" and that the males in this new group were similarly aged.

22. On May 29, 2009 Plaintiffs Jane and Joe Doe informed agents of Defendant "Trails Carolina" of their disapproval of placing their minor daughter in a group with all males.

23. Agents for Defendants "Trails Carolina" and "New Leaf Academy" represented to Jane and Joe Doe in their capacity *in loco parentis* for the minor June Doe, that the "Trails Carolina" program to which June Doe was transferred on May 29, 2009, was suitable in age and gender for the minor plaintiff June Doe.

24. The move of 12 year old June Doe, from an all girls group, to an adolescent male group which included older males up to 16 years of age, and the apparent therapeutic reasons for it, was approved by agents for the Defendant "New Leaf Academy."

25. On or about June 2, 2009 June Doe and the male group set out on a three-week

camping trip. On or about June 4, 2009 Plaintiff Jane Doe was reassured by Catherine Jennings, agent for "New Leaf Academy" that June Doe would benefit from being surrounded by males. Catherine Jennings later stated that June Doe will have "met her match" with the males. She further explained that it would be good for June Doe to deal with "male versions of herself." Ms. Jennings and the other Directors acting as agents for "New Leaf Academy" agreed with the decisions made by the Directors, who were acting as agents for "Trails Carolina" to put June Doe in the all male group.

26. On or about the evening of June 5, 2009, 12-year-old June Doe was raped by John Doe a 16 year old youth invitee and enrollee of the same "Trails Carolina" program as the minor plaintiff. John Doe at the time of the rape was under the custody and control of Defendant "Trails Carolina." Following the incident, June Doe immediately reported the rape to Grady Manis, and Roxy Carfaro, counselors and agents for Defendant "Trails Carolina."

27. According to witnesses, John Doe was absent from his tent for approximately 10 minutes or so. The counselors were positioned such that they did not and could not monitor John Does movements.

28. Defendant Trails Carolina LLC knew or should have known that John Doe's history established that he had exhibited serious and very disruptive levels of aggressiveness toward other students/peers prior to Trails Carolina placing June Doe in contact with him.

29. On or about June 6, 2009 at 7:30 A.M. Grady Manis and Roxy Carfaro called agents for Defendant "Trails Carolina"; Graham Shannonhouse, Carlyn Daubs, & Scott Huffman, to inform them of the rape.

30. Plaintiffs Jane and Joe Doe were not informed of the rape, until ten hours later on

June 6, 2009 at 5:30 P.M.

31.    The police were finally notified on June 6, 2009 at 5:55 P.M. The Transylvania County Sheriffs office was informed of the rape by a nurse at Transylvania Regional Hospital.

32.    Due to jurisdictional issues, the minor Plaintiff was transferred to Palmetto Baptist Hospital in Pickens County on or about June 6, 2009 at 9:20 P.M. where a rape exam was performed on June Doe and was completed on June 7, 2009 at 1:30 A.M.

33.    The actions and inactions by agents for Defendants "Trails Carolina" resulted in a violation of the bodily integrity of June Doe.

34.    The agents for "New Leaf Academy" and "Trails Carolina" had a special duty to all minor invitees and enrollees in their programs, including June Doe, because they held themselves out as experts with therapeutic programs that specifically treated minors with emotional difficulties.

35.    On or about June 6, 2009 Plaintiff Jane Doe questioned agents for Defendant "Trails Carolina" about the ages of June Doe's fellow campers and they stated that John Doe was "a young 16 year old." They offered no further reasoning as to why a 12 year old female was placed in a group with males as old as 16 years of age, when their stated policies divide age groups from "young men and women" ages 10-13 and "adolescents" ages 13-17. In fact, in violation of their own "Trails Carolina's" published guidelines, June Doe was placed in an inappropriate age group.

36.    On or about June 11, 2009 Catherine Jennings, agent for Defendant "New Leaf Academy" apologized to Jane Doe about "New Leaf Academy's" failure to include the minor Plaintiff's mother Jane Doe in their decision to transfer June Doe to "Trails

Carolina" and their decision to place their minor daughter in a group with older males in violation of their own policies.

37.     On or about June 23, 2009 Jane Doe was informed by Graham Shannonhouse, agent for Defendant "Trails Carolina," that "Trails Carolina" had fired certain staff members for failure to properly handle the rape of June Doe.

38.     As a result of the actions and inactions of Defendants "New Leaf Academy" and "Trails Carolina" the 12 year old minor Plaintiff June Doe was injured. June Doe suffered grievous bodily injury, and emotional pain and suffering. Plaintiff is entitled to a judgment against the Defendants for actual damages, in an amount to be determined by the trier of fact, and punitive damages in an amount sufficient to deter such similar conduct in the future.

FOR A FIRST CAUSE OF ACTION: NEGLIGENCE, AND GROSS NEGLIGENCE FOR BREACH OF DUTY *IN LOCO PARENTIS* BY DEFENDANTS "NEW LEAF ACADEMY" AND "TRAILS CAROLINA"

39.     Allegations above are incorporated into this cause of action as if fully set forth herein.

40.     Defendants "New Leaf Academy" and "Trails Carolina" specifically marketed their services and experience, and invited youths with emotional issues to their therapeutic programs, including Plaintiff June Doe who was a youth invitee.

41.     Defendants "New Leaf Academy" & "Trails Carolina" held themselves out as experts in working with emotionally disturbed adolescents and children. Because of this, Jane and Joe Doe entrusted their minor daughter to Defendant "New Leaf Academy" and "Trails Carolina."

42.     When the Defendants "New Leaf Academy" and "Trails Carolina" took minor

children into their programs and onto their premises, they assumed all duties *in loco parentis* for each and every one of the minor invitees, including June Doe.

43.    Jane and Joe Doe had invested their hopes and trust for their daughter's future based on the promises of "New Leaf Academy" and "Trails Carolina." June Doe was sent away from Defendant "New Leaf Academy's" premises where "New Leaf Academy" was making decisions for June Doe *in loco parentis*. "New Leaf Academy" transferred June Doe to a wilderness camp run by agents for "Trails Carolina," a different entity, without fully consulting the parents of June Doe.

44.    Defendants "New Leaf Academy" and "Trails Carolina" each breached their duty *in loco parentis* by;

      a.    failing to assure that June Doe was placed into a group setting with age appropriate children;

      b.    failing to provide sufficient supervisory staff to adequately control minor invitees;

      c.    failing to provide adequate security for minor children invited to the respective facilities and locations;

      d.    failing to adequately investigate and report the rape of June Doe.

45.    It was foreseeable that placing an emotionally disturbed 12 year old girl with an older emotionally disturbed adolescent group of males including John Doe a 16 year old with a history of aggressive behavior towards peers and other students, without proper supervision and in violation of their own policies, would result in the minor female being injured.

46.    Defendants "New Leaf Academy" and "Trails Carolinas'" actions and inactions

were the proximate cause of the minor June Doe's injuries.

47.     The agents for Defendants "New Leaf Academy" and "Trails Carolina" negligently failed to act as a reasonable person to protect the minor Plaintiff and failed to take even a slight degree of care and were grossly negligent in their disregard for the well being of June Doe who was entrusted to their care.

48.     As a direct and proximate result of negligence, and gross negligence, and breach of their duties *in loco parentis*, by agents for both Defendants, June Doe suffered grievous bodily injury, and emotional pain and suffering.

49.     Plaintiffs are entitled to a judgment against the Defendants for actual damages, in an amount to be determined by the trier of fact, and punitive damages in an amount sufficient to deter such similar conduct in the future.

<u>FOR A SECOND CAUSE OF ACTION: NEGLIGENCE AND GROSS NEGLIGENCE BY DEFENDANTS "NEW LEAF ACADEMY" AND "TRAILS CAROLINA"</u>

50.     Allegations above are incorporated into this case of action as if fully stated.

51.     Defendants "New Leaf Academy" and "Trails Carolina" held themselves out as experts in working with emotionally disturbed adolescents and children. Because of this, Jane and Joe Doe entrusted their minor daughter to Defendant "New Leaf Academy" and "Trails Carolina."

52.     The Defendants "New Leaf Academy" and "Trails Carolina" owed a duty to protect minor invitees enrolled in their programs including June Doe, and those similarly situated from harm, specifically harm from other invitees under the care and control of the Defendants.

53.     Defendants "New Leaf Academy" and "Trails Carolinas'" duties were heightened because of knowledge by Defendants that invitees of their programs had been diagnosed with emotional and behavior problems including and specifically John Doe who was documented to have serious and very disruptive levels of aggressiveness toward other students/peers prior to placement in their program; had a history of emotional and behavioral problems; had substance abuse issues; and had been involved in violent altercations while in Defendants' facility.

54.     It was foreseeable that placing an emotionally disturbed 12-year-old girl with a group of older emotionally disturbed and, specifically in John Doe's case, aggressive adolescent males without proper supervision and in violation of their own policies, would result in the minor female being injured.

55.     All invitees enrolled in the wilderness program run by "Trails Carolina," including the minor Plaintiff June Doe as well as John Doe, were under the custody and control of Defendant "Trails Carolina."

56.     Agents for the Defendants were negligent, in breaching their duty to protect the minor invitee June Doe who was in their care, and grossly negligent for failing to take even a slight degree of care, in one or more of the following particulars with each sufficient to support the relief sought:

        a.   Agents for the Defendants "New Leaf Academy" & "Trails Carolina" failed to place June Doe in a proper therapeutic facility, suitable for her age and sex.

    b.   Agents for Defendant "Trails Carolina" failed to monitor the campsite and ensure that the older male invitees did not harm the 12-year-old minor female invitee.

    c.   Agents for both Defendants failed to properly consult with Jane and Joe Doe before transferring June Doe to "Trails Carolina" and failed to consult with them before transferring June Doe to a group of all older males.

    d.   Agents for "Trails Carolina" failed to properly supervise the minors in their care and therefore allowed 16 year old invitee John Doe to sexually assault the minor invitee June Doe.

57.    As a direct and proximate result of negligence and gross negligence, by agents for both Defendants, June Doe suffered grievous bodily injury, and emotional pain and suffering. Plaintiffs are entitled to a judgment against the Defendants for actual damages, in an amount to be determined by the trier of fact, and punitive damages in an amount sufficient to deter such similar conduct in the future.

### FOR A THIRD CAUSE OF ACTION: NEGLIGENCE AND GROSS NEGLIGENCE FOR BREACH OF ASSUMED DUTY BY DEFENDANTS "TRAILS CAROLINA" AND "NEW LEAF ACADEMY"

58.    Allegations above are incorporated into this case of action as if fully stated herein.

59.    Defendant "Trails Carolina" undertook a special duty to monitor and protect the youth invitees in their therapeutic programs, including Plaintiff June Doe.

60.    Defendant "New Leaf Academy" undertook a special duty to monitor and protect the youth invitees in their therapeutic programs, including Plaintiff June Doe.

61.    Defendants "New Leaf Academy" & "Trails Carolina" held themselves out as experts in working with emotionally disturbed adolescents and children. Because of this,

Jane and Joe Doe entrusted their minor daughter to Defendant "New Leaf Academy" & "Trails Carolina."

62.    Defendant "New Leaf Academy" through their agents assumed a duty to the youth invitees of their therapeutic programs to provide on-going services to those in their programs and in their care. This duty continued after they referred June Doe to "Trails Carolina".

63.    In supervising its employees Defendant "Trails Carolina" and their agents assumed a duty to the youth and specifically, the Plaintiffs and the minor invitee June Doe, to provide a safe environment, and to protect her from other minor invitees and their aggressive, violent or emotionally disturbed behavior.

64.    It was foreseeable that placing an emotionally disturbed 12-year-old girl with a group of older emotionally disturbed and, specifically in John Doe's case, aggressive adolescent males without proper supervision and in violation of their own policies would result in the minor female being injured.

65.    Defendant "New Leaf Academy" never relinquished or released June Doe from their custody or control or dismissed her from their program and through its agents' referral of June Doe to "Trails Carolina" when they knew or should have known of Trails Carolina's policy of separating campers by age group, breached the duty it assumed to the youth invitee, Plaintiff June Doe, and in doing so acted in a negligent manner and in a grossly negligent manner by acting without a slight degree of care.

66.    Defendant "Trails Carolina" through its agents breached the duty it assumed to protect and care for children and adolescents in their program, including the minor Plaintiff June Doe, and in so doing acted in a negligent manner and in a grossly negligent

manner by acting without a slight degree of care.

67.     As a direct and proximate result of negligence and gross negligence, by agents for both Defendants, June Doe suffered grievous bodily injury, and emotional pain and suffering. Plaintiff is entitled to a judgment against the Defendants for actual damages, in an amount to be determined by the trier of fact, and punitive damages in an amount sufficient to deter such similar conduct in the future.

FOR A FOURTH CAUSE OF ACTION: NEGLIGENCE AND GROSS
NEGLIGENCE FOR PREMISES LIABILITY AGAINST DEFENDANT
"TRAILS CAROLINA"

68.     Allegations above are incorporated into this cause of action as if fully stated herein.

69.     The minor Plaintiff, June Doe was an invitee and enrolled in the therapeutic wilderness program sponsored by "Trails Carolina" and participated in its programs targeted at youth, including their wilderness camping trips on June 2nd, 2009.

70.     The minor Plaintiff, June Doe was an invitee of "Trails Carolina" and was raped by John Doe, who was another youth invitee at Defendant "Trails Carolina's" therapeutic program.

71.     The rape perpetrated by John Doe on June Doe occurred at the campsite supervised and controlled by the Defendant "Trails Carolina."

72.     The wilderness campsite set up by "Trails Carolina" was set up in a negligent and defective manner. The campsite was set up by agents for "Trails Carolina" so that the older adolescent invitee males in the program including John Doe who had a documented history of aggressiveness towards peers and other students could have access to the tent of the younger minor invitee female June Doe, without the knowledge of the camp

counselors who were acting as agents for "Trails Carolina."

73.     Had agents for the Defendant "Trails Carolina" taken even a slight degree of care and acted in a reasonable manner and not acted in a negligent and grossly negligent manner in monitoring John Doe's behavior while at the campsite, John Doe would not have been allowed to enter minor Plaintiff June Doe's tent and therefore would not have been able to rape the minor Plaintiff, June Doe.

74.     If agents for Defendant "Trails Carolina," as advertised, had separated the emotionally troubled minor invitees by age and gender into separate camping groups June Doe would not have been raped by John Doe at the campsite in the program run by the Defendant "Trails Carolina."

75.     It was foreseeable that placing a 12 year old girl with a diagnosed emotional disorder with a group of older emotionally disturbed and specifically John Doe who was known to exhibit aggressiveness toward other students and peers adolescent males without proper supervision and in violation of their own policies, would place the minor female at risk of injury from the males and that it is reasonably foreseeable that the minor female would be injured.

76.     As a direct and proximate result of negligence and gross negligence, by agents for both Defendants, June Doe suffered grievous bodily injury, and emotional pain and suffering. Plaintiff is entitled to a judgment against the Defendants for actual damages, in an amount to be determined by the trier of fact, and punitive damages in an amount sufficient to deter such similar conduct in the future.

<u>FOR A FIFTH CAUSE OF ACTION: RECKLESSNESS AGAINST "TRAILS CAROLINA" AND "NEW LEAF ACADEMY"</u>

77.     Allegations above are incorporated into this cause of action as if fully stated herein.

78.     The Defendants "Trails Carolina" and "New Leaf Academy" held themselves out as experts in working with children and adolescents experiencing emotional and behavioral difficulties.

79.     In holding themselves out as experts, the Defendants created a false sense of safety to minor invitees including the minor June Doe and her parents that she would be cared for and protected within the environment to which she was entrusted to the Defendants.

80.     June Doe was sent away from the premises of "New Leaf Academy" where Jane and Joe Doe had invested their hopes and their trust for their daughter's future. Agents for "New Leaf Academy" transferred June Doe to a wilderness camp run by agents for "Trails Carolina," - a different entity - without fully consulting June Doe's parents or obtaining their approval.

81.     Subsequently, 12 year old June Doe was placed in an all male "adolescent" group, even though the "Trails Carolina" program advertises they serve 2 age groups separately, "young men and women" ages 10-13 and "adolescents" ages 13-17.

82.     On or about June 4, 2009 Plaintiff Jane Doe was reassured by Catherine Jennings, agent for "New Leaf Academy" that June Doe would benefit from being surrounded by males. Catherine Jennings later stated that June Doe will have "met her match." She further explained that it would be good for June to deal with "male versions of herself." Ms. Jennings and the other Directors acting as agents for "New Leaf Academy" agreed with the decisions made by the Directors, and agents for "Trails Carolina" to place June

Doe in the older all male group.

83.     The actions by agents for the Defendants showed that they were conscious, or they should have been conscious, that their actions were reckless and a violation of their own advertised policies and procedures.

84.     Defendants owed the minor plaintiff a heightened duty of care because she was a minor who was diagnosed with an emotional disorder and was in their care in loco parentis.

85.     In violation of their own policies, Defendants "New Leaf Academy" and "Trails Carolina" breached their duties to June Doe when they placed her with an older group of males who also had emotional or behavioral difficulties including John Doe who was documented to have been aggressive towards peers and other students thereby exposed the minor Plaintiff to the risk of serious, substantial injury.

86.     It was foreseeable that placing an emotionally disturbed 12-year-old girl with a group of older emotionally disturbed and, specifically in John Doe's case, aggressive adolescent males without proper supervision and in violation of their own policies would result in the minor female being injured.

87.     By exposing the minor Plaintiff June Doe to the risk of serious, substantial injury, the Defendants "New Leaf Academy" and "Trails Carolina" through their agents, were reckless and breached their duty to the minor Plaintiff, June Doe.

88.     Against their own policies and procedures, agents for the Defendants exposed the minor plaintiff to the risk of serious, substantial injury by placing the minor Plaintiff, June Doe, who was diagnosed with an emotional disorder, with a group of older adolescent males who had a myriad of issues including substance abuse and, specifically

in John Doe's case, aggressiveness towards peers and other students, with full knowledge of the problems that experts on these issues should understand – and then recklessly failed to supervise and protect the minor Plaintiff June Doe and the other male invitees properly, and therefore breached their duty to June Doe thus proximately causing the rape of the minor Plaintiff June Doe.

89.    As a result of the reckless actions by the agents for the Defendants "Trails Carolina" and "New Leaf Academy," June Doe suffered grievous bodily injury, and emotional pain and suffering.

90.    Therefore, the Plaintiffs Jane and Joe Doe on behalf of their minor daughter June Doe are entitled to compensatory and punitive damages to be determined by the trier of fact.

FOR A SIXTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY BY<br>DEFENDANTS "NEW LEAF ACADEMY" & "TRAILS CAROLINA"

91.    Allegations above are incorporated into this cause of action as if fully stated herein.

92.    Defendants "New Leaf Academy" & "Trails Carolina" through their agents accepted the custody and care of the minor Plaintiff June Doe *in loco parentis*. Her care was entrusted to them by Jane and Joe Doe to provide a safe therapeutic environment for the minor invitee Plaintiff June Doe in exchange for fair compensation. As a result, The Defendant "New Leaf Academy" through its agents had a duty to act in good faith and with due regard to the fiduciary interests of the minor June Doe.

93.    It was foreseeable that placing an emotionally disturbed 12-year-old girl with a group of older emotionally disturbed and, specifically in John Doe's case, aggressive adolescent males without proper supervision and in violation of their own policies would

18

result in the minor female being injured.

94.     By being in a fiduciary relationship with Plaintiffs Jane and Joe Doe on behalf of the minor June Doe, Defendants "New Leaf Academy" & "Trails Carolina" owed the Plaintiffs a fiduciary duty.

95.     The Defendants "New Leaf Academy" & "Trails Carolina" through their agents acted in a negligent and grossly negligent manner acting without a slight degree of care for the interests of June Doe and therefore breached their fiduciary duty to the youth invitee, by failing to provide a safe therapeutic environment that they had been entrusted and compensated to provide.

96.     As a direct and proximate result of negligence and gross negligence, by agents for both Defendants, June Doe suffered grievous bodily injury, and emotional pain and suffering. Plaintiff is entitled to a judgment against the Defendants for actual damages, in an amount to be determined by the trier of fact, and punitive damages in an amount sufficient to deter such similar conduct in the future.

### FOR A SEVENTH CAUSE OF ACTION: CIVIL CONSPIRACY AGAINST DEFENDANTS "NEW LEAF ACADEMY" & "TRAILS CAROLINA"

97.     The allegations above are incorporated into this cause of action as if fully stated herein.

98.     Prior to the rape of the minor invitee June Doe, Plaintiffs believe several agents for the Defendants conspired to expose the minor June Doe to the risk of serious, substantial injury by placing the minor Plaintiff who was diagnosed with an emotional disorder, with older emotionally disturbed and, specifically in John Doe's case, aggressive males, in violation of the Defendants' own policies and procedures.

19

99.     Plaintiffs Jane and Joe Doe believe that agents for both defendants conspired to place June Doe in the "Trails Carolina" wilderness program and especially with an older male group without Jane or Joe Does' full consultation or agreement, for their own financial gain and in an effort to fulfill their quotas. One of the directors of the "Trails Carolina" was married to a Director for "New Leaf Academy." Therefore, instead of considering the best interests of June Doe, the Defendants through their agents were considering their own business interests when placing June Doe in the "Trails Carolina" program and especially with the older all male group.

100.     It is clear from the statements from the agents and Directors of both Defendants that they were frustrated with June Doe and wanted to find a way to get back at her for her actions that bothered or irritated them. On or about June 4, 2009 Plaintiff Jane Doe was reassured by Catherine Jennings, agent for "New Leaf Academy" that June Doe would benefit from being surrounded by males. Catherine Jennings later said to Jane Doe that June Doe will have "met her match." She further explained that it would be good for June to deal with "male versions of herself." Ms. Jennings and the other Directors, acting as agents for "New Leaf Academy" agreed with the decisions made by the Directors and agents for "Trails Carolina" to place June Doe in the older all male group even though they knew or should have known of Trails Carolina's policies to separate campers by age.

101.     Agents for both Defendants held themselves out as experts in emotional and behavioral issues of children and adolescents and therefore either knew or should have known the risks to June Doe in placing her with group of older invitee males with a history of substance abuse and specifically in John Doe's case aggression towards peers and other students and then failing to properly supervise them.

102.    The failure of the agents for the Defendants to protect June Doe and their agreement to violate their own policies by placing June Doe in an older all male group of emotionally disturbed, substance abusing and, specifically in John Doe's case, aggressive students without properly consulting Jane or Joe Doe constitutes a conspiracy of silence.

103.    It was foreseeable that placing an emotionally disturbed 12 year old girl with a group of older emotionally disturbed and, specifically in John Doe's case, aggressive adolescent males without proper supervision and in violation of their own policies, would place the minor female at risk of injury from the males and that it could result in the minor female being injured.

104.    June Doe was injured as a result of this conspiracy of silence.

105.    This conspiracy of silence has resulted in special damages incurred by June Doe including but not limited to, emotional distress and a lack of trust of authority.

106.    Conduct by the defendants has caused special damages to June Doe, and therefore the Plaintiffs Jane and Joe Doe on behalf of their minor daughter are entitled to receive actual and punitive damages in an amount to be determined by a jury.

FOR AN EIGHTH CAUSE OF ACTION: NEGLIGENCE    AGAINST "TRAILS CAROLINA" AND "NEW LEAF ACADEMY" ON BEHALF OF JANE AND JOE DOE INDIVIDUALLY

107.    Allegations above are incorporated into this cause of action as if fully set forth herein.

108.    Defendants "New Leaf Academy" and "Trails Carolina" specifically invited minors to their therapeutic programs including Plaintiff June Doe who was a minor invitee.

109.    Defendants "New Leaf Academy" & "Trails Carolina" held themselves out as

21

experts in working with emotionally disturbed children and adolescents. Because of this, Jane and Joe Doe entrusted their minor daughter to Defendant "New Leaf Academy" & "Trails Carolina."

110.    When the Defendants "New Leaf Academy" and "Trails Carolina" took minor children into their programs and onto their premises, they assumed all duties *in loco parentis* for each and every one of the minor invitees, including June Doe.

111.    Jane and Joe Doe had invested their hopes and trust for their daughter's future based on the promises of "New Leaf Academy" and "Trails Carolina." June Doe was sent away by agents for Defendant "New Leaf Academy" where "New Leaf Academy" agents were making decisions for June Doe *in loco parentis*. "New Leaf Academy" transferred June Doe to a wilderness camp run by agents for "Trails Carolina," a different entity, without fully consulting the parents of June Doe.

112.    Defendants "New Leaf Academy" and "Trails Carolina" each breached their duty to Plaintiffs Jane and Joe Doe by failing to provide sufficient supervisory staff to adequately control minor invitees; by failing to provide adequate security for minor invitees including June Doe and John Doe; and by failing to act as a reasonable person to protect June Doe. June Doe was harmed as a result of Defendants "New Leaf Academy" and "Trails Carolina" breach of their duties.

113.    Defendants "New Leaf Academy" and "Trails Carolina" knew or should have known that breaching these duties would lead to the foreseeable injuries sustained by minor invitee June Doe.

114.    The breach of duty by both Defendants "New Leaf Academy" and "Trails Carolina's" proximately caused the harm visited upon June Doe.

115.    As a result of the breach of duty by the Defendants resulting in injuries to June Doe, Jane and Joe Doe have incurred medical exorbitant costs, expenses and other damages.

116.    Plaintiffs Jane and Joe Doe are entitled to a judgment against the Defendants for actual damages, including; tuition fees, therapy fees, education related legal fees, and lost time from work, in an amount to be determined by the trier of fact.

<u>FOR A NINTH CAUSE OF ACTION: NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANTS DR. SHENEEN DANIELS, CARLYN DAUBS, CREATE CLINICAL INC.</u>

117.    Allegations above are incorporated into this cause of action as if fully stated herein.

118.    Defendant Dr. Sheneen Daniels held herself out as an expert in working with children and adolescents experiencing emotional and behavioral difficulties and was the supervisor for Carlyn Daubs who was acting as counselor and therapist for the minor plaintiff during the time when the incidents occurred that are the basis for this action. As the supervising therapist for June Doe, Dr. Sheneen Daniels had a duty of care to the minor plaintiff.

119.    At all times material to this cause of action, Dr. Sheneen Daniels was acting as an agent for Create Clinical Inc. and all of her actions and inactions are imputed to Create Clinical Inc..

120.    In holding herself out as an expert, the Defendant Dr. Sheneen Daniels created a false sense of safety to the minor invitee June Doe and her parents that she would be cared for and protected within the environment to which she was entrusted to the Defendants while at the same time allowing the minor plaintiff to be unsupervised around

other older male campers including John Doe who was documented to be aggressive towards peers and other students. She knew or should have known that in her supervisory capacity with respect to the minor plaintiff she was required to use a degree of care and skill which is ordinarily employed by the profession generally, under similar conditions and like surrounding circumstances.

121.    Defendant Carlyn Daubs was acting in her capacity as a counselor and therapist for the minor plaintiff when the incidents occurred that are the basis for this action. As the counselor and therapist for June Doe, Carlyn Daubs had a duty of care to the minor Plaintiff.

122.    In holding herself out as a counselor and therapist, Defendant Carlyn Daubs created a false sense of safety to the minor invitee June Doe and her parents that she would be cared for and protected within the environment to which she was entrusted to the Defendants while at the same time allowing the minor plaintiff to be unsupervised around other older male campers including John Doe who was documented to be aggressive towards peers and other students. She knew or should have known that in her capacity as counselor and/or therapist with respect to the minor plaintiff she was required to use a degree of care and skill which is ordinarily employed by the profession generally, under similar conditions and like surrounding circumstances.

123.    These Defendants owed the minor plaintiff a heightened duty of care because she was a minor who was diagnosed with an emotional disorder and was in/under their psychological care.

124.    Defendants Carlyn Daubs and Dr. Sheneen Daniels deviated from applicable standards of care, breached their duty and were negligent in allowing 12 year old minor

plaintiff June Doe to be placed in an all male "adolescent" group, even though the Trails Carolina program advertised they serve 2 age groups separately, "young men and women" ages 10-13 and "adolescents" ages 13-17.

125.   Carlyn Daubs and Dr. Sheneen Daniels and Create Clinical Inc. through its agent Dr. Sheneen Daniels departed from the recognized and generally accepted standards of care, practices and procedures and in doing so breached their duty to June Doe by not taking a slight degree of care to protect her from the older dangerous male campers.

126.   Carlyn Daubs and Dr. Sheneen Daniels and Create Clinical Inc. through its agent Dr. Sheneen Daniels either knew or should have known that the perpetrator of the rape on the minor plaintiff had exhibited serious and very disruptive levels of aggressiveness toward other students/peers in the past.

127.   Defendants Carlyn Daubs and Dr. Sheneen Daniels and Create Clinical Inc. through its agent Dr. Sheneen Daniels, were conscious, or they should have been conscious, that their actions were negligent, and grossly negligent and a violation of the Trails own advertised policies and procedures.

128.   In violation of their duties as therapists, Defendants Carlyn Daubs, Dr. Sheneen Daniels and Create Clinical Inc. through its agent Dr. Sheneen Daniels, breached the standard of care and their duties to June Doe when they allowed her to be placed an older dangerous group of males who also had emotional or behavioral difficulties thereby exposing the minor Plaintiff to the risk of serious, substantial injury.

129.   It was foreseeable that placing an emotionally disturbed 12-year-old girl with a group of older emotionally disturbed and dangerous adolescent males without proper supervision, would result in the minor female being injured.

130.    By exposing the minor Plaintiff June Doe to the risk of serious, substantial injury, the Defendants Carlyn Daubs, Dr. Sheneen Daniels and Create Clinical Inc. through its agent Dr. Sheneen Daniels breached their standards of care and were negligent and grossly negligent and breached their duty to the minor Plaintiff, June Doe.

131.    This breach of duty by Defendants Carlyn Daubs, Dr. Sheneen Daniels and Create Clinical, Inc. through its agent Dr. Sheneen Daniels, was a direct and proximate cause of June Doe's rape, injury and damages.

132.    As a result of the negligent and grossly negligent actions by the agents for the Defendants Carlyn Daubs, Dr. Sheneen Daniels, and Create Clinical, Inc. through its agent Dr. Sheneen Daniels, June Doe suffered grievous bodily injury, and emotional pain and suffering.

133.    Therefore, the Plaintiffs Jane and Joe Doe on behalf of their minor daughter June Doe, are entitled to compensatory and punitive damages to be determined by the trier of fact.

<u>FOR A TENTH CAUSE OF ACTION: NEGLIGENCE, GROSS NEGLIGENCE AND INTENTIONAL CONDUCT AGAINST DEFENDANTS TRAILS CAROLINA, DR. SHENEEN DANIELS, AND CARLYN DAUBS</u>

130.    Allegations above are incorporated into this cause of action as if fully set forth herein.

131.    Trails Carolina, Inc., Carlyn Daubs, and Dr. Sheneen Daniels all knew, or should have known, of the need to provide a safe, secure, non-threatening, and supportive environment in the immediate hours after a rape or sexual assault trauma.

132.    These Defendants failed to have in place appropriate policies and procedures to protect the victim of rape and/or sexual assault, such as June Doe, and failed to take

appropriate steps to provide June Doe with an appropriate safe, secure, and supportive environment following her rape.

133.    After having been told of the rape, Trails Carolina staff failed to support June Doe, and instead required her to remain in her tent where the rape occurred, required her to sleep in the sleeping bag where the rape occurred, and acted in such a way as to express their disbelief or disapproval of her report and/or conduct.

134.    These Defendants failed to have in place policies and procedures which would preserve the integrity of any potential crime scene following a sexual assault and to separate the potential witnesses so as not to contaminate witness testimony.  In fact, the Trails Carolina staff allowed the male campers to remain together, did not segregate the 16 year old male rapist, and allowed the male campers the opportunity to coordinate their stories.

135.    The Defendants failed to have in place policies and procedures to promptly notify parents, including Jane Doe and Joe Doe, in the event of sexual assault and rape of minor campers in their custody, care, and supervision.  Indeed, June Doe's parents were not notified of the rape until approximately 5:45 p.m. the next day.

136.    The Defendants failed to have in place policies and procedures to protect and support persons subject to sexual abuse and rape when being transported out of the camping area.  Indeed, the Trails Carolina employees who had contact with June Doe following the rape, including the time spent hiking out of the camping area, were accusatory of June Doe in their disbelief and otherwise failed to support her at a critical time in the emotional healing process.

137.    Defendant Carlyn Daubs intentionally interfered with the investigation of the rape of the minor Plaintiff June Doe by informing police authorities "that she felt 60% to 40% that the incident did not occur" and also informing them that John Doe did not have a history of violence in direct contradiction to the information contained in Defendants Trails Carolina LLC's files on John Doe which confirmed that he had exhibited " serious and very disruptive levels of aggressiveness toward other students."

138.    The Defendants were negligent, grossly negligent, and acted intentionally in failing to support June Doe, isolating her without supervision, forcing her to stay in the same tent and sleeping bag in which she had been raped, failing to secure the crime scene, failing to separate male camper witnesses, in acting in a non-supportive, disbelieving and accusatory fashion towards June Doe, and intentionally interfering with police agencies' investigation of the rape and providing false information concerning John Doe to law enforcement.

139.    As a result of these failures by the Defendants, June Doe failed to receive the proper support following her sexual trauma which directly and proximately caused further mental and emotional trauma and anguish, all of which will continue into the future and is permanent in nature.

WHEREFORE, the Plaintiffs, Jane and Joe Doe on behalf of their minor daughter June Doe, pray the court for the following relief:

(a)    A judgment against Defendants "Trails Carolina" and "New Leaf Academy" on Plaintiffs Jane and Joe Does' First Cause of Action on behalf of their minor daughter June Doe in an amount of damages to be determined by the jury.

(b)    A judgment against Defendants "Trails Carolina" and "New Leaf Academy" on

Plaintiffs Jane and Joe Does' Second Cause of Action on behalf of their minor daughter June Doe in an amount of damages to be determined by the jury.

(c)    A judgment against Defendants "Trails Carolina" and "New Leaf Academy" on Plaintiffs Jane and Joe Does' Third Cause of Action on behalf of their minor daughter June Doe in an amount of damages to be determined by the jury.

(d)    A judgment against Defendant "Trails Carolina" on Plaintiffs Jane and Joe Does' Fourth Cause of Action on behalf of their minor daughter June Doe in an amount of damages to be determined by the jury.

(e)    A judgment against Defendants "Trails Carolina" and "New Leaf Academy" on Plaintiffs Jane and Joe Does' Fifth Cause of Action on behalf of their minor daughter June Doe in an amount of damages to be determined by the jury.

(f)    A judgment against Defendant "New Leaf Academy" on Plaintiffs Jane and Joe Does' Sixth Cause of Action on behalf of their minor daughter June Doe in an amount of damages to be determined by the jury.

(g)    A judgment against Defendants "Trails Carolina" and "New Leaf Academy" on Plaintiffs Jane and Joe Does' Seventh Cause of Action on behalf of their minor daughter June Doe in an amount of damages to be determined by the jury.

(h)    A judgment against Defendants "Trails Carolina" and "New Leaf Academy" on the eighth cause of action by Plaintiffs Jane and Joe Doe in an amount of damages to be determined by the jury.

(i)    A judgment against Defendants "Create Clinical Inc." "Carlyn Daubs" and "Dr. Sheneen Daniels" on the ninth cause of action by Plaintiffs Jane and Joe Doe in an amount of damages to be determined by the jury.

(j)      A judgment against Defendants "Trails Carolina,"  "Carlyn Daubs" and "Dr. Sheneen Daniels" on the tenth cause of action by Plaintiffs Jane and Joe Doe in an amount of damages to be determined by the jury.

# Demand for Jury Trial

Plaintiff requests a trial by jury.

WHEREFORE, plaintiff requests actual and punitive damages against Defendants in an amount to be determined by the finder of fact for the various causes of action set forth above, that the costs of this action be taxed against the Defendants, and such other and further relief as the Court and jury shall deem just and proper.

Respectfully submitted,

s/ Scott E. Kegel
Scott E. Kegel (Fed ID# 6839)
P.O. Box 1125
Charleston, SC 29402
(843) 723-1005

D. Scott Beard
P.O. Box 1124
Isle of Palms, SC 29451
(843) 886-3198

William A. Posey
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH  45202
Tel: 513-579-6535
Fax: 513-579-6457

ATTORNEYS FOR THE PLAINTIFFS

Charleston, South Carolina
May 2, 2012