**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION**

| | |
|---|---|
| Jane Doe & Joe Doe, individually and on behalf of the minor June Doe,<br><br>Plaintiff,<br><br>vs.<br><br>New Leaf Academy of North Carolina, LLC; Trails Carolina, LLC; Dr. Sheneen Daniels & Carlyn Daubs & Create Clinical, Inc.,<br><br>Defendants, | C.A. No. 8:10-CV-2365-JMC<br><br>**CARLYN DAUBS' ANSWER TO THE FIRST AMENDED COMPLAINT** |

Carlyn Daubs ("Daubs"), answering the First Amended Complaint ("Complaint") of the Plaintiffs, would respectfully show unto the Court that:

1. Each and every allegation not expressly admitted is denied.

**FOR A FIRST DEFENSE**

2. Upon information and belief, Daubs admits the allegations of Paragraphs 1, 2, and 3.

3. Daubs has insufficient information to admit or deny the allegations of Paragraphs 4 and 5, and therefore, deny the same.

4. Daubs admits that she was a Counselor at Trails Carolina, and in that position had the responsibility to ensure mental health treatment services were provided in a way that maximized client independence and family empowerment and to provide individual and group counseling services to assist individuals in achieving more effective personal, social, educational,

and vocational development and adjustment. Daubs denies the remaining allegations of Paragraph 6.

5. Daubs has insufficient information to admit or deny the allegations of Paragraph 7 and therefore, denies the same.

6. Daubs admits that she was supervised by Dr. Daniels and that she was the minor plaintiff's counselor. Daubs has insufficient information to admit or deny the remaining allegations of Paragraph 8 and therefore, denies the same.

7. Daubs has insufficient information to admit or deny the allegations of Paragraphs 9 and 10, and therefore, denies the same.

8. Daubs admits Paragraph 11.

9. Daubs has insufficient information to admit or deny the allegations of Paragraphs 12, 13, and 14, and therefore, denies the same.

10. Daubs has insufficient information to admit or deny the allegations of Paragraphs 15, 16, 17, 18, 19, and 20, and therefore, denies the same.

11. Daubs denies the allegations of Paragraph 21.

12. Daubs has insufficient information to admit or deny the allegations of Paragraphs 22, 23, 24, 25, 26, 27, and 28, and therefore, denies the same.

13. Daubs admits the allegations of Paragraph 29.

14. Daubs denies the allegations of Paragraph 14.

15. Upon information and belief, Daubs admits the allegations of Paragraphs 31 and 32.

16. Daubs denies the allegations of Paragraph 33.

17.     Daubs alleges that the allegations of Paragraph 34 state legal conclusions, and therefore, no response is required.  To the extent a response is required, Daubs denies the allegations of Paragraph 34 as stated.

18.     Daubs has insufficient information to admit or deny the allegations of Paragraphs 35, 36, and 37, and therefore, denies the same.

19.     Daubs denies the allegations of Paragraph 38.

20.     With regard to the allegations of Paragraph 39, the allegations of Paragraphs 1 through 19 are incorporated by reference.

21.     Upon information and belief the allegations contained in Paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48, and 49, including all subparts thereof, relate to defendants other than Daubs, and therefore, Daubs is not required to respond to those Paragraphs.  In the event those paragraphs do require a response from Daubs, Daubs denies the same.

22.     With regard to the allegations of Paragraph 50, the allegations of Paragraphs 1 through 21 are incorporated by reference.

23.     Upon information and belief the allegations contained in Paragraphs 51, 52, 53, 54, 55, 56, and 57, including all subparts thereof, relate to defendants other than Daubs, and therefore, Daubs is not required to respond to those Paragraphs.  In the event those paragraphs do require a response from Daubs, Daubs denies the same.

24.     With regard to the allegations of Paragraph 58, the allegations of Paragraphs 1 through 23 are incorporated by reference.

25.     Upon information and belief the allegations contained in Paragraphs 59, 60, 61, 62, 63, 64, 65, 66, and 67 relate to defendants other than Daubs, and therefore, Daubs is not

required to respond to those Paragraphs. In the event those paragraphs do require a response from Daubs, Daubs denies the same.

26. With regard to the allegations of Paragraph 68, the allegations of Paragraphs 1 through 25 are incorporated by reference.

27. Upon information and belief the allegations contained in Paragraphs 69, 70, 71, 72, 73, 74, 75, and 76 relate to defendants other than Daubs, and therefore, Daubs is not required to respond to those Paragraphs. In the event those paragraphs do require a response from Daubs, Daubs denies the same.

28. With regard to the allegations of Paragraph 77, the allegations of Paragraphs 1 through 28 are incorporated by reference.

29. Upon information and belief the allegations contained in Paragraphs 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, and 90 relate to defendants other than Daubs, and therefore, Daubs is not required to respond to those Paragraphs. In the event those paragraphs do require a response from Daubs, Daubs denies the same.

30. With regard to the allegations of Paragraph 91, the allegations of Paragraphs 1 through 29 are incorporated by reference.

31. Upon information and belief the allegations contained in Paragraphs 92, 93, 94, 95, and 96 relate to defendants other than Daubs, and therefore, Daubs is not required to respond to those Paragraphs. In the event those paragraphs do require a response from Daubs, Daubs denies the same.

32. With regard to the allegations of Paragraph 97, the allegations of Paragraphs 1 through 31 are incorporated by reference.

33. Upon information and belief the allegations contained in Paragraphs 98, 99, 100, 101, 102, 103, 104, 105, and 106 relate to defendants other than Daubs, and therefore, Daubs is not required to respond to those Paragraphs. To the extent those paragraphs do require a response from Daubs, Daubs denies the same.

34. With regard to the allegations of Paragraph 107, the allegations of Paragraphs 1 through 33 are incorporated by reference.

35. Upon information and belief the allegations contained in Paragraphs 108, 109, 110, 111, 112, 113, 114, 115, and 116 relate to defendants other than Daubs, and therefore, Daubs is not required to respond to those Paragraphs. In the event those paragraphs do require a response from Daubs, Daubs denies the same.

36. With regard to the allegations of Paragraph 117, the allegations of Paragraphs 1 through 33 are incorporated by reference.

37. Daubs admits the allegations of Paragraph 118 as they relate to her. Daubs has insufficient information to admit or deny the allegations of Paragraph 118 as they relate to Dr. Sheneen Daniels, and therefore, denies the same.

38. Daubs has insufficient information to admit or deny the allegations of Paragraphs 119 and 120, and therefore, denies the same.

39. Daubs alleges that the allegations of Paragraph 121 state legal conclusions, and therefore, no response is required. To the extent a response is required, Daubs denies the allegations of Paragraph 121 as stated.

40. Daubs denies the allegations of Paragraphs 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, and 133.

41. With regard to the allegations of misnumbered Paragraph 130, the allegations of Paragraphs 1 through 40 are incorporated by reference.

42. Daubs denies the allegations of Paragraph 131 as stated.

43. Daubs denies the allegations of Paragraph 132, 133, 134, 135, 136, 137, 138, and 139.

44. Daubs denies the allegations contained in Plaintiffs' "WHEREFORE" paragraph, including all subparts thereof, and their Prayer for Relief.

## FOR A SECOND DEFENSE
### (Failure to State a Claim)

45. The preceding paragraphs, not inconsistent, are incorporated by reference.

46. Plaintiffs' Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure

## FOR A THIRD DEFENSE
### (Comparative Negligence)

47. The preceding paragraphs, not inconsistent, are incorporated by reference.

48. The damages allegedly suffered in this action may have been caused in whole or in part by Plaintiffs' own culpable conduct, intentional acts, contributory negligence, assumption of risk, and want of care.

## FOR A FOURTH DEFENSE
### (Negligence of Third Parties)

49. The preceding paragraphs, not inconsistent, are incorporated by reference.

50. The damages complained of by Plaintiffs are the direct and proximate result of the intervening acts and/or omissions of persons or entities other than Daubs.

51. This defense is pled as a complete and total bar to the claims made by Plaintiffs.

## FOR A FIFTH DEFENSE
### (Failure to Mitigate Damages)

52. The preceding paragraphs, not inconsistent, are incorporated by reference.

53. Plaintiffs' claims are barred because Plaintiffs' have failed to mitigate their damages in the manner required by law.

## FOR A SIXTH DEFENSE
### (Assumption of Risk)

54. The preceding paragraphs, not inconsistent, are incorporated herein by reference.

55. Plaintiffs' claims are barred by Plaintiffs' common law and contractual assumption of the risk.

## FOR A SEVENTH DEFENSE
### (Failure to Properly Plead Professional Negligence)

56. The preceding paragraphs, not inconsistent, are incorporated herein by reference.

57. To the extent this action is governed by South Carolina Code Ann. §15-36-100 or N.C.G.S.A. § 90-21.11 and NCRCP 9(J), Plaintiffs have failed to comply with these statutes, and, therefore, the Complaint should be dismissed.

## FOR AN EIGHTH DEFENSE
### (Assumption of Risk/Waiver/Estoppel)

58. The preceding paragraphs, not inconsistent, are incorporated herein by reference.

59. The relationship between Daubs and Plaintiffs and the duties and responsibilities of each are governed by an enrollment agreement entered into by and between Plaintiffs and Trails Carolina. Under the terms of that agreement, Plaintiffs agreed, among other things, to assume all risks, not to sue and release, hold harmless, and indemnify Daubs from any actions including actions based on negligence, carelessness, or any other cause under theories of either contract or tort law. The agreement also provides that Plaintiffs agreed to waive and release any

and all rights which they may have for any claims of damages for personal injury. Thus, by its own conduct, Plaintiffs have assumed the risk, waived, and/or are estopped from asserting any misconduct by Daubs as alleged in the Complaint.

60.     This defense is pled as a complete and total bar to the claims made by Plaintiffs.

## FOR A NINTH DEFENSE
### (Mandatory Arbitration)

61.     The preceding paragraphs, not inconsistent, are incorporated herein by reference.

62.     The Complaint should be dismissed pursuant to the arbitration provision in the enrollment agreement entered into by Plaintiffs and Trails Carolina.

## FOR A TENTH DEFENSE
### (Failure to State a Claim for Punitive Damages)

63.     The preceding paragraphs, not inconsistent, are incorporated herein by reference.

64.     An award of punitive damages in favor of Plaintiffs would violate those clauses of the Constitution of the United States of America and South Carolina related to privileges and immunities, due process and equal protection.

WHEREFORE, having fully answered the First Amended Complaint of Plaintiffs, Daubs respectfully prays that the Complaint be dismissed with costs and for such other and further relief as this Court may deem just and proper.

_____s/Samuel W. Outten_____
Samuel W. Outten (Fed. ID No.: 2943)
  Email: soutten@wcsr.com
Catherine R. Atwood (Fed. ID No.: 10385)
  Email: catwood@wcsr.com
Womble Carlyle Sandridge & Rice, LLP
550 South Main Street, Suite 400
Greenville, South Carolina 29601
Telephone: (864) 255-5421
Fax: (864) 239-5852