IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Jane Doe & John Doe, individually and on behalf of the minor, June Doe, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| New Leaf Academy of North Carolina, LLC; and Trails Carolina, LLC, Dr. Sheneen Daniels & Carlyn Daubs & Create Clinical, Inc., | ) ) ) ) ) |
| Defendants. | ) ) |

**ANSWER OF DEFENDANT, TRAILS CAROLINA, LLC TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

C.A. No.: 8:10-2365-JMC

(JURY TRIAL DEMANDED)

The defendant, Trails Carolina, LLC, answering the first amended complaint, would respectfully allege and show unto the Court as follows:

**FOR A FIRST DEFENSE AS TO ALL CAUSES OF ACTION**

1.      The defendant, Trails Carolina, LLC, (hereinafter referred to as "Trails Carolina"), lacks sufficient information to form a belief as to the truth of the allegations of paragraph 1 of the amended complaint and therefore denies same and demands strict proof thereof.

2.      It lacks sufficient information to form a belief as to the truth of the allegations of paragraph 2 of the amended complaint and therefore denies same and demands strict proof thereof.

3.      Trails Carolina admits the allegations of paragraph 3 of the amended complaint.

4.      It admits that the individual identified as John Doe was a sixteen year old male who was a student at Trails Carolina at the time of the alleged incident which is the subject of

this litigation. All remaining allegations contained in paragraph 4 of the amended complaint are denied and strict proof is denied thereof.

5. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 5 of the amended complaint and therefore denies same and demands strict proof thereof.

6. In response to paragraph 6 of the amended complaint, Trails Carolina admits that the named individuals were agents of Trails Carolina. The remaining allegations of paragraph 6 of the amended complaint state a legal conclusion, thus, no answer is required. To the extent an answer is required to any other portion of this allegation, they are denied and strict proof thereof is demanded.

7. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 7 of the amended complaint and therefore denies same and demands strict proof thereof.

8. Trails Carolina admits so much of the allegations of paragraph 8 of the amended complaint as allege that Carlyn Daubs was supervised by Dr. Sheneen Daniels. Trails Carolina lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 8 of the amended complaint and therefore denies same and demands strict proof thereof.

9. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 9 of the amended complaint and therefore denies same and demands strict proof thereof.

10. Trails Carolina denies the allegations of paragraph 10 of the amended complaint and demands strict proof thereof.

11. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 11 of the amended complaint and therefore denies same and demands strict proof thereof.

12. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 12 of the amended complaint and therefore denies same and demands strict proof thereof.

13. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 13 of the amended complaint and therefore denies same and demands strict proof thereof.

14. In response to the allegations of paragraph 14 of the amended complaint, Trails Carolina admits that some of the acts complained of allegedly took place in Pickens County, South Carolina. The remaining allegations of paragraph 14 of the amended complaint are denied and strict proof thereof is demanded.

15. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 15 of the amended complaint and therefore denies same and demands strict proof thereof.

16. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 16 of the amended complaint and therefore denies same and demands strict proof thereof.

17. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 17 of the amended complaint and therefore denies same and demands strict proof thereof.

18. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 18 of the amended complaint and therefore denies same and demands strict proof thereof.

19. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 19 of the amended complaint and therefore denies same and demands strict proof thereof.

20. Trails Carolina admits so much of the allegations of paragraph 20 of the amended complaint as allege that it was aware of the minor plaintiff's condition. However, it denies the remaining allegations of paragraph 20 pertaining to it, lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 20 of the amended complaint and therefore denies same and demands strict proof thereof.

21. Trails Carolina denies the allegations of paragraph 21 of the amended complaint.

22. Trails Carolina denies the allegations of paragraph 22 of the amended complaint.

23. Trails Carolina alleges that portions of paragraph 23 of the amended complaint constitute legal conclusions to which no response is necessary from it. To the extent a response is deemed necessary, Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 23 of the amended complaint and therefore denies same and demands strict proof thereof.

24. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 24 of the amended complaint and therefore denies same and demands strict proof thereof.

25.     Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 25 of the amended complaint and therefore denies same and demands strict proof thereof.

26.     Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 26 of the amended complaint and therefore denies same and demands strict proof thereof.

27.     Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 27 of the amended complaint and therefore denies same and demands strict proof thereof.

28.     Trails Carolina denies the allegations of paragraph 28 of the amended complaint.

29.     Trails Carolina admits so much of the allegations of paragraphs 29, 30, 31, and 32 of the amended complaint, as allege that various calls were made on June 6, 2009.  However, it refers the plaintiffs to discovery exchanged between the parties including cell phone and medical records related to the alleged incident.  Trails Carolina lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 29, 30, 31, and 32 of the amended complaint and therefore denies same and demands strict proof thereof.

30.     Trails Carolina denies the allegations of paragraph 33 of the amended complaint.

31.     The allegations of paragraph 34 of the amended complaint state a legal conclusion, thus, no answer is required.  To the extent an answer is required to any portion of this allegation, they are denied and strict proof thereof is demanded.

32.     Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 35 of the amended complaint and therefore denies same and demands strict proof thereof.

33. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 36 of the amended complaint and therefore denies same and demands strict proof thereof.

34. Trails Carolina denies the allegations of paragraph 37 of the amended complaint and demands strict proof thereof.

35. Trails Carolina denies the allegations of paragraph 38 of the amended complaint pertaining to it and demands strict proof thereof. It lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 38 of the amended complaint and therefore denies same and demands strict proof thereof.

36. In response to the allegations of paragraph 39 of the amended complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 – 38 above.

37. Trails Carolina admits so much of paragraphs 40 and 41 of the amended complaint as allege that it marketed its experience and knowledge in working with emotionally disturbed adolescents and children. Trails Carolina lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraphs 40 and 41 of the amended complaint and therefore denies same and demand strict proof thereof.

38. The allegations of paragraph 42 of the amended complaint state a legal conclusion, thus, no answer is required. To the extent an answer is required to any other portion of this allegation, they are denied and strict proof thereof is demanded.

39. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 43 of the amended complaint and therefore denies same and demands strict proof thereof.

40. Trails Carolina denies the allegations of paragraph 44 of the amended complaint.

41. Trails Carolina denies the allegations of paragraph 45 of the amended complaint.

42. Trails Carolina denies the allegations of paragraph 46 of the amended complaint.

43. Trails Carolina denies the allegations of paragraph 47 of the amended complaint.

44. Trails Carolina denies the allegations of paragraph 48 of the amended complaint.

45. Trails Carolina denies the allegations of paragraph 49 of the amended complaint.

46. In response to paragraph 50 of the amended complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 – 49 above.

47. Trails Carolina admits so much of paragraph 51 of the amended complaint as allege that it marketed its experience and knowledge in working with emotionally disturbed adolescents and children. Trails Carolina lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 51 of the amended complaint and therefore denies same and demands strict proof thereof.

48. Trails Carolina alleges that the allegations of paragraphs 52 and 53 of the amended complaint state legal conclusions, thus, no answer is required. To the extent an answer is required to any other portion of these allegations, they are denied and strict proof thereof is demanded.

49. Trails Carolina denies the allegations of paragraph 54 of the amended complaint.

50. Trails Carolina alleges that the allegations of paragraph 55 of the amended complaint state legal conclusions, thus, no answer is required. To the extent an answer is required to any other portion of this allegation, they are denied and strict proof thereof is demanded.

51. Trails Carolina denies the allegations of paragraph 56 of the amended complaint.

52.     Trails Carolina denies the allegations of paragraph 57 of the amended complaint.

53.     In response to paragraph 58 of the amended complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 – 57 above.

54.     Trails Carolina alleges that the allegations of paragraph 59 of the amended complaint state legal conclusions, thus, no answer is required.  To the extent an answer is required to any other portion of this allegation, they are denied and strict proof thereof is demanded.

55.     Trails Carolina alleges that the allegations of paragraph 60 of the amended complaint state legal conclusions, thus, no answer is required.  To the extent an answer is required to any other portion of this allegation, they are denied and strict proof thereof is demanded.

56.     Trails Carolina admits so much of the allegations of paragraph 61 of the amended complaint as allege that it markets its experience and knowledge in working with emotionally disturbed adolescents and children.  However, it lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 61 of the amended complaint and therefore denies same and demands strict proof thereof.

57.     Trails Carolina alleges that the allegations of paragraph 62 of the amended complaint state legal conclusions, thus, no answer is required.  To the extent an answer is required to any other portion of this allegation, they are denied and strict proof thereof is demanded.

58.     Trails Carolina alleges that the allegations of paragraph 63 of the amended complaint state legal conclusions, thus, no answer is required.  To the extent an answer is

required to any other portion of this paragraph, they are denied and strict proof thereof is demanded.

59. Trails Carolina denies the allegations of paragraph 64 of the amended complaint.

60. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 65 of the amended complaint and therefore denies same and demands strict proof thereof.

61. Trails Carolina denies the allegations of paragraph 66 of the amended complaint.

62. Trails Carolina denies the allegations of paragraph 67 of the amended complaint.

63. In response to paragraph 68 of the amended complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 – 67 above.

64. Trails Carolina alleges that the allegations of paragraph 69 of the amended complaint state legal conclusions, thus, no answer is required. To the extent an answer is required to any other portion of this pargraph, they are denied and strict proof thereof is demanded.

65. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 70 of the amended complaint and therefore denies same and demands strict proof thereof.

66. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 71 of the amended complaint and therefore denies same and demands strict proof thereof.

67. Trails Carolina denies the allegations of paragraph 72 of the amended complaint.

68. Trails Carolina denies the allegations of paragraph 73 of the amended complaint.

69. Trails Carolina denies the allegations of paragraph 74 of the amended complaint.

70. Trails Carolina denies the allegations of paragraph 75 of the amended complaint.

71. Trails Carolina denies the allegations of paragraph 76 of the amended complaint.

72. In response to paragraph 77 of the amended complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 – 76 above.

73. Trails Carolina admits so much of paragraph 78 of the amended complaint as alleges that it marketed its experience and knowledge in working with emotionally disturbed adolescents and children. Trails Carolina lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 78 of the amended complaint and therefore denies same and demands strict proof thereof.

74. Trails Carolina denies the allegations of paragraph 79 of the amended complaint.

75. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 80 of the amended complaint and therefore denies same and demands strict proof thereof.

76. In response to paragraph 81 of the amended complaint, Trails Carolina admits that June Doe was placed in an all male group. Trails Carolina denies the remaining allegations of paragraph 81 of the amended complaint and demands strict proof thereof.

77. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 82 of the amended complaint and therefore denies same and demands strict proof thereof.

78. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 83 of the amended complaint and therefore denies same and demands strict proof thereof.

79. Trails Carolina denies the allegations of paragraph 84 of the amended complaint.

80. Trails Carolina denies the allegations of paragraph 85 of the amended complaint.

81. Trails Carolina denies the allegations of paragraph 86 of the amended complaint.

82. Trails Carolina denies the allegations of paragraph 87 of the amended complaint.

83. Trails Carolina denies the allegations of paragraph 88 of the amended complaint.

84. Trails Carolina denies the allegations of paragraph 89 of the amended complaint.

85. Trails Carolina denies the allegations of paragraph 90 of the amended complaint.

86. Trails Carolina denies the allegations of paragraph 91 of the amended complaint.

87. In response to the allegations of paragraph 92 of the amended complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 - 91 above.

88. Trails Carolina alleges that the allegations of paragraph 93 of the amended complaint state legal conclusions, thus, no answer is required. To the extent an answer is required to any other portion of this allegation, they are denied and strict proof thereof is demanded.

89. Trails Carolina denies the allegations of paragraph 94 of the amended complaint.

90. Trails Carolina denies the allegations of paragraph 95 of the amended complaint.

91. Trails Carolina denies the allegations of paragraph 96 of the amended complaint.

92. Trails Carolina denies the allegations of paragraph 97 of the amended complaint.

93. In response to the allegations of paragraph 98 of the amended complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 - 97 above.

94. Trails Carolina denies the allegations of paragraph 99 of the amended complaint.

95. Trails Carolina denies the allegations of paragraph 100 of the amended complaint.

96.	Trails Carolina denies the allegations of paragraph 101 of the amended complaint.

97.	Trails Carolina denies the allegations of paragraph 102 of the amended complaint.

98.	Trails Carolina denies the allegations of paragraph 103 of the amended complaint.

99.	Trails Carolina denies the allegations of paragraph 104 of the amended complaint.

100.	Trails Carolina denies the allegations of paragraph 105 of the amended complaint.

101.	Trails Carolina denies the allegations of paragraph 106 of the amended complaint.

102.	Trails Carolina denies the allegations of paragraph 107 of the amended complaint.

103.	In response to the allegations of paragraph 108 of the amended complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 - 107 above.

104.	Trails Carolina alleges that the allegations of paragraph 109 of the amended complaint state legal conclusions, thus, no answer is required. To the extent an answer is required to any other portion of this paragraph, they are denied and strict proof thereof is demanded.

105.	Trails Carolina admits so much of the allegations of paragraph 110 of the amended complaint as allege that it marketed its experience and knowledge in working with emotionally disturbed adolescents and children. Trails Carolina lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 110 of the amended complaint and therefore denies same and demands strict proof thereof.

106.	Trails Carolina alleges that the allegations of paragraph 111 of the amended complaint state legal conclusions, thus, no answer is required. To the extent an answer is required to any other portion of this paragraph, they are denied and strict proof thereof is demanded.

107. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of paragraph 112 of the amended complaint and therefore denies same and demands strict proof thereof.

108. Trails Carolina denies the allegations of paragraph 113 of the amended complaint.

109. Trails Carolina denies the allegations of paragraph 114 of the amended complaint.

110. Trails Carolina denies the allegations of paragraph 115 of the amended complaint.

111. Trails Carolina denies the allegations of paragraph 116 of the amended complaint.

112. Trails Carolina denies the allegations of paragraph 117 of the amended complaint.

113. In response to the allegations of paragraph 118 of the amended complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 - 117 above.

114. In response to paragraphs 119 – 134 of the amended complaint, Trails Carolina states that those allegations are not directed to it and a response from it is not required. To the extent a response is required, Trails Carolina denies the same and demands strict proof thereof.

115. In response to the allegations of second paragraph 130 of the amended complaint, Trails Carolina realleges and incorporates herein by reference its responses to the allegations of paragraphs 1 - 129 above.

116. Trails Carolina lacks sufficient information to form a belief as to the truth of the allegations of second paragraph 131 of the amended complaint and therefore denies same and demands strict proof thereof.

117. Trails Carolina denies the allegations of second paragraph 132 of the amended complaint.

118.    Trails Carolina denies the allegations of second paragraph 133 of the amended complaint.

119.    Trails Carolina denies the allegations of paragraphs 134 and 135 of the amended complaint.

120.    Trails Carolina denies the allegations of paragraph 136 of the amended complaint.

121.    Trails Carolina denies the allegations of paragraph 137 of the amended complaint.

122.    Trails Carolina denies the allegations of paragraph 138 of the amended complaint.

123.    Trails Carolina denies the allegations of paragraph 139 of the amended complaint.

124.    Trails Carolina denies each and every allegation of the amended complaint not hereinabove specifically admitted, explained, or modified.

## FOR A SECOND DEFENSE AS TO ALL CAUSES OF ACTION

125.    Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

126.    It alleges that the plaintiffs' amended complaint fails to state claims upon which relief can be granted and should be dismissed pursuant to the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE AS TO ALL CAUSES OF ACTION

127.    Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense

128.    It alleges that even if it was negligent, grossly negligent, reckless, and/or willful and wanton in any respect, which is expressly denied and admitted solely for the purpose of this defense and no others, it is not liable to the plaintiffs for the alleged resulting damages, if any, because of the intervening negligent, grossly negligent, reckless, willful and wanton, unlawful,

and/or criminal actions on the part of third parties, which negligent, grossly negligent, reckless, willful and wanton, unlawful, and/or criminal actions on their part were not reasonably foreseeable and which intervened and acted as the direct and proximate cause of the damages and/or injuries, if any, allegedly sustained by the plaintiffs.

### FOR A FOURTH DEFENSE AS TO ALL CAUSES OF ACTION

129.    Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

130.    In recognition of the legal requirements that all affirmative defenses which may be applicable be pled in the answer to the complaint and because no discovery has been undertaken in this matter as of the current time, the damages of the plaintiffs, if any, were the direct and proximate result of the negligent, reckless, and willful conduct of June Doe and/or plaintiffs, which combined and concurred with any negligence or recklessness on the part of this defendant which is specifically denied and admitted solely for the purpose of this defense and no other, and the alleged damages of the plaintiffs would not have occurred if June Doe and/or plaintiffs had not been guilty of such negligence and recklessness. Therefore, the plaintiffs' amended complaint is barred to the extent that June Doe's and/or plaintiffs' contributory negligence and recklessness is more than fifty (50%) percent of the negligence and recklessness in this action. The plaintiffs' recovery should be reduced by the percentage of June Doe's negligence to the extent that such negligence and recklessness is fifty (50%) percent or less of the total negligence and recklessness in this action. Trails Carolina expressly reserves the right to withdraw this or any other defense in advance of trial should discovery reveal the plaintiffs were not negligent and/or that any negligent acts or omissions by them were not a proximate cause of this incident.

## FOR A FIFTH DEFENSE AS TO ALL CAUSES OF ACTION

131. Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

132. It alleges that while it was not negligent in any respect, nevertheless, plaintiffs, by the exercise of ordinary care, could have avoided the consequences of any negligence of which plaintiffs charge this defendant, and, therefore, the plaintiffs are not entitled to recover in this case.

## FOR A SIXTH DEFENSE AS TO ALL CAUSES OF ACTION

133. Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

134. It alleges that to the extent that the plaintiffs have failed to mitigate their damages in the manner required by law, such failure to mitigate is pled as a bar to the plaintiffs' claim, and any amount awarded to the plaintiffs should be reduced or diminished by the amount the plaintiffs could have reasonably avoided.

## FOR A SEVENTH DEFENSE AS TO ALL CAUSES OF ACTION

135. Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

136. It alleges that, if the plaintiffs were injured as a result of the alleged incident, such injuries were caused by the plaintiffs' common law and contractual assumption of the risk and, therefore, this defendant is not liable to the plaintiffs herein.

137. It alleges that the plaintiffs' voluntarily assumption of the risk is a complete bar to this action and the case should be dismissed.

### FOR AN EIGHTH DEFENSE AS TO ALL CAUSES OF ACTION

138. Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

139. It alleges that this Court lacks jurisdiction, both personal and subject matter, over this action. As such, the plaintiffs' claims should be dismissed.

### FOR A NINTH DEFENSE AS TO ALL CAUSES OF ACTION

140. Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

141. It alleges that venue is improper in this matter and it should thus be dismissed or, alternatively, transferred to the appropriate venue.

### FOR A TENTH DEFENSE AS TO ALL CAUSES OF ACTION

142. Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

143. It alleges that to the extent this action is governed by the operation of South Carolina Code § 15-36-100 or N.C.G.S.A. § 90-21.11 and NCRCP 9(J), the plaintiffs have failed to comply with these statutes. As such, their claims are barred and the amended complaint should be dismissed.

### FOR AN ELEVENTH DEFENSE AS TO ALL CAUSES OF ACTION

144. Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

145. It alleges that the relationship between it and the plaintiffs and the duties and responsibilities of each are governed by an enrollment agreement entered into by and between the plaintiffs and Trails Carolina. It further alleges that, under the terms of that agreement, the

plaintiffs agreed, among other things, to assume all risks, not to sue and release, hold harmless and indemnify Trails Carolina from any actions including actions based on negligence, carelessness or any other cause under theories of either contract or tort law. The agreement also provides that the plaintiffs agreed to waive and release any and all rights which they may have for any claims for damages for personal injury.

146. Trails Carolina pleads the terms of this agreement including, but not limited to, the terms of paragraph 7 of the enrollment agreement as a complete defense and bar to the plaintiffs' claims.

### FOR A TWELFTH DEFENSE AS TO ALL CAUSES OF ACTION

147. Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

148. It alleges that the plaintiffs' action should be dismissed and arbitration should be compelled pursuant to either the North Carolina Arbitration Act at N.C.G.S.A. § 45C or S.C. Code Ann. § 15-48-10 et. seq.

149. It alleges the plaintiffs' voluntarily agreement is governed by the Arbitration Act and thus acts as a complete bar to this case and this case should therefore be dismissed.

### FOR A THIRTEENTH DEFENSE AS TO ALL CAUSES OF ACTION

150. Trails Carolina incorporates herein the allegations contained in its first defense, not inconsistent with this defense.

151. North Carolina substantive law, including the law of contributory negligence, applies to this case and must be applied by the Court. Under North Carolina law, the plaintiffs' claims are barred and should be dismissed.

WHEREFORE, having fully answered the amended complaint, the defendant, Trails Carolina, LLC, prays that it be dismissed as against it, with costs, and for such any and other further relief as this Court shall deem just and proper.

                                              s/ Phillip E. Reeves
                                              Phillip E. Reeves (Fed. Bar # 3232)
                                              Eric R. Tonnsen (Fed. Bar #9898)
                                              GALLIVAN, WHITE & BOYD, P.A.
                                              P.O. Box 10589
                                              Greenville, SC 29603
                                              (864) 271-9580
                                              (864) 271-7502 FAX
                                              preeves@gwblawfirm.com
                                              sbradley@gwblawfirm.com

Greenville, South Carolina

                                              Attorneys for Defendant,
June 1, 2012                                 Trails Carolina, LLC

The defendant, Trails Carolina, LLC, demands a trial by jury.

                                              s/ Phillip E. Reeves
                                              Phillip E. Reeves