IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| **Jane Doe & Joe Doe, individually and on behalf of the minor, June Doe,**<br>　　　　　　　**Plaintiff,**<br><br>vs.<br><br>**New Leaf Academy of North Carolina; Trails Carolina, LLC; Dr. Sheneen Daniels & Carlyn Daubs,**<br>　　　　　　　**Defendants.** | Case No.: 8:10-02365-MGL<br><br>**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Defendant Dr. Sheneen Daniels (hereinafter "Daniels"), answering Plaintiffs' First Amended Complaint, would show as follows:

**FOR A FIRST DEFENSE**

1.	Upon information and belief, Daniels admits the allegations contained in paragraphs 1 - 3 of Plaintiff's First Amended Complaint.

2.	With regard to paragraphs 4 - 6 of Plaintiffs' First Amended Complaint, Daniels is without information upon which to form a belief regarding the allegations of paragraphs 4 - 6, and therefore denies same.

3.	With regard to paragraph 7, Daniels admits that Defendant Create Clinical, Inc., is a North Carolina Corporation registered and existing under the laws of the state of North Carolina, and conducting business in North Carolina. All other allegations of paragraph 7 are denied. By way of further defense, Daniels pleads that all claims against Create Clinical, Inc. were dismissed with prejudice by Order of the Court entered on September 26, 2012. Since these

claims are now moot, Daniels will not continue to respond to claims against Create Clinical, Inc. for the remainder of this Answer. To the extent any response is required regarding allegations against Create Clinical, Inc., the allegations are denied.

4. With regard to paragraph 8, Daniels admits she is a Ph.D. psychologist. Daniels admits she was hired by Defendant Carlyn Daubs and Defendant Trails Carolina, LLC to provide clinical supervision to Defendant Carlyn Daubs. Daniels further admits that she saw Plaintiff June Doe on May 29, 2009 for psychological testing/assessment. All other allegations of paragraph 8 are denied.

5. Upon information and belief, Daniels admits the allegations contained in paragraphs 9, 10 and 11 of Plaintiffs' First Amended Complaint.

6. With regard to paragraph 12, Daniels denies this court has jurisdiction over her.

7. Daniels admits the allegations contained in paragraph 13.

8. Daniels is without information upon which to form a belief regarding the allegations contained in paragraph 14 of Plaintiffs' First Amended Complaint and therefore denies same.

9. Upon information and belief, Daniels admits the allegations contained in paragraphs 15, 16 and 17 of Plaintiffs' First Amended Complaint.

10. Daniels is without information upon which to form a belief regarding the allegations contained in paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37 and 38 of Plaintiffs' First Amended Complaint and therefore denies same.

11. With regard to paragraph 39 of the Plaintiffs' First Amended Complaint, Daniels craves reference to her responses previously plead.

12. Daniels is without information upon which to form a belief regarding the allegations contained in paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48 and 49 of Plaintiffs' First Amended Complaint and therefore denies same.

13. With regard to paragraph 50 of the Plaintiffs' First Amended Complaint, Daniels craves reference to her responses previously plead.

14. Daniels is without information upon which to form a belief regarding the allegations contained in paragraphs 51, 52, 53, 54, 55, 56, and 57 of Plaintiffs' First Amended Complaint and therefore denies same.

15. With regard to paragraph 58 of the Plaintiffs' First Amended Complaint, Daniels craves reference to her responses previously plead.

16. Daniels is without information upon which to form a belief regarding the allegations contained in paragraphs 59, 60, 61, 62, 63, 64, 65, 66 and 67 of Plaintiffs' First Amended Complaint and therefore denies same.

17. With regard to paragraph 68 of the Plaintiffs' First Amended Complaint, Daniels craves reference to her responses previously plead.

18. Daniels is without information upon which to form a belief regarding the allegations contained in paragraphs 69, 70, 71, 72, 73, 74, 75 and 76 of Plaintiffs' First Amended Complaint and therefore denies same.

19. With regard to paragraph 77 of the Plaintiffs' First Amended Complaint, Daniels craves reference to her responses previously plead.

20. Daniels is without information upon which to form a belief regarding the allegations contained in paragraphs 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90 and 91 of Plaintiffs' First Amended Complaint and therefore denies same.

21. With regard to paragraph 92 of the Plaintiffs' First Amended Complaint, Daniels craves reference to her responses previously plead.

22. Daniels is without information upon which to form a belief regarding the allegations contained in paragraphs 93, 94, 95, and 96 of Plaintiffs' First Amended Complaint and therefore denies same.

23. With regard to paragraph 97 of the Plaintiffs' First Amended Complaint, Daniels craves reference to her responses previously plead.

24. Daniels is without information upon which to form a belief regarding the allegations contained in paragraphs 98, 99, 100, 101, 102, 103, 104, 105, and 106 of Plaintiffs' First Amended Complaint and therefore denies same.

25. With regard to paragraph 107 of the Plaintiffs' First Amended Complaint, Daniels craves reference to her responses previously plead.

26. Daniels is without information upon which to form a belief regarding the allegations contained in paragraphs 108, 109, 110, 111, 112, 113, 114, 115, and 116, of Plaintiffs' First Amended Complaint and therefore denies same.

27. With regard to paragraph 117 of the Plaintiffs' First Amended Complaint, Daniels craves reference to her responses previously plead.

28. With regard to paragraph 118, Daniels admits she works with children and adolescents with emotional and behavioral difficulties. Further, she admits that she provided supervision for the clinical aspects of Defendant Carlyn Daubs' therapy with her clients. All other allegations of paragraph 118 are denied.

29. Daniels denies the allegations contained in paragraphs 119 and 120 of Plaintiffs' First Amended Complaint.

30. Daniels is without information upon which to form a belief regarding the allegations contained in paragraphs 121 and 122 of Plaintiffs' First Amended Complaint and therefore denies same.

31. With regard to the allegations of paragraph 123 of Plaintiffs' First Amended Complaint, Daniels denies that said paragraph states an applicable legal standard.

32. With regard to paragraph 124 of Plaintiffs' First Amended Complaint, Daniels denies the allegations as they apply to Daniels.

33. Daniels denies the allegations contained in paragraphs 125, 126, 127, 128, 129, 130, 131, 132, 133 and 134 of Plaintiffs' First Amended Complaint.

34. With regard to (second) paragraph 130 (under Tenth Cause of Action) of the Plaintiffs' First Amended Complaint, Daniels craves reference to her responses previously plead.

35. With regard to (second) paragraph 131 (under Tenth Cause of Action), Daniels admits that while she personally agrees with the general premise stated therein, she cannot speak for the other named defendants, and she specifically denies any knowledge regarding the relationship of this premise and the case at hand. Therefore, the allegations are denied.

36. With regard to (second) paragraph 132 (under Tenth Cause of Action), Daniels denies that she had any involvement in or responsibility for developing the alleged policies and procedures described in (second) paragraph 132. Daniels is without information upon which to form a belief regarding the other allegations of (second) paragraph 132, and therefore denies same.

37. Daniels is without information upon which to form a belief regarding the allegations contained in (second) paragraph 133 (under Tenth Cause of Action) of Plaintiffs' First Amended Complaint and therefore denies same.

38.     With regard to (second) paragraphs 134, 135, and 136 (under Tenth Cause of Action), Daniels denies that she had any involvement in or responsibility for developing the alleged policies and procedures described in (second) paragraph 134, 135, and 136. Daniels is without information upon which to form a belief regarding the other allegations of (second) paragraph 134, 135, and 136, and therefore denies same.

39.     Daniels is without information upon which to form a belief regarding the allegations contained in paragraph 137 of Plaintiffs' First Amended Complaint and therefore denies same.

40.     With regard to paragraphs 138 and 139, Daniels denies these allegations as they apply to her specifically, and is without information upon which to form a belief regarding the truth of these allegations as they apply to the other defendants named therein, and therefore, denies them.

WHEREFORE, having fully answered the Plaintiffs' First Amended Complaint, Defendant Sheneen Daniels prays that the Complaint against her be dismissed, with costs, and for such other relief as this Court shall deem just and proper.

October 17, 2012                              Respectfully submitted,

                                              TURNER, PADGET, GRAHAM & LANEY, PA

                                              *s/Sarah Day Hurley*
                                              Eric K. Englebardt (Fed. ID # 5140)
                                              eenglebardt@turnerpadget.com
                                              Sarah Day Hurley (Fed ID #7267)
                                              shurley@turnerpadget.com
                                              P. O. Box 1509
                                              Greenville, SC 29602
                                              864-552-4600
                                              *Attorneys for Defendant Sheneen Daniels*